Calvin Lamont WALKER  *v.*  STATE of Arkansas

CR 05-1322                                    241 S.W.3d 734

Supreme Court of Arkansas
Opinion delivered October 26, 2006

*Craig Lambert*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

PER CURIAM. A jury found appellant Calvin Lamont Walker guilty of delivery of cocaine and sentenced him to 420 months' imprisonment in the Arkansas Department of Correction. The Arkansas Court of Appeals affirmed the judgment. *Walker v. State*, CACR 04-456 (Ark. App. April 27, 2005). Appellant timely filed in the trial court a petition for postconviction relief under Ark. R. Crim. P. 37.1, which was denied without a hearing. Appellant brings this appeal of that order.

Appellant asserts three points on appeal, as follows: (1) the trial court erred in failing to find trial counsel was ineffective; (2) the trial court erred in denying the petition without a hearing; (3) the trial court erred in denying a request to amend the petition and to compel production of trial counsel's file. We find no error, and affirm the trial court's order.

This court does not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous or clearly against the preponderance of the evidence. *Greene v. State*, 356 Ark. 59, 146 S.W.3d 871 (2004). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Flores v. State*, 350 Ark. 198, 85 S.W.3d 896 (2002).

Appellant's first point alleges that the trial court erred in failing to find that trial counsel was ineffective. Appellant contends that counsel was ineffective as the result of a conflict of interest, because he failed to disclose his poor health to appellant, and because he failed to object to introduction of the cocaine at trial.

In an appeal from a trial court's denial of postconviction relief on a claim of ineffective assistance of counsel, the question presented is whether, based on the totality of the evidence, the trial court clearly erred in holding that counsel's performance was not ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Jackson v. State*, 352 Ark. 359, 105 S.W.3d 352 (2003). A claimant must show that counsel's performance was deficient, and the claimant must also show that this deficient performance prejudiced his defense through a showing that petitioner was deprived of a fair trial. *Noel v. State*, 342 Ark. 35, 26 S.W.3d 123 (2000). Each of appellant's claims that counsel was ineffective fails under at least one of the two prongs of this test.

Appellant's first claim of ineffective assistance asserts a conflict resulted from trial counsel's investigation by the Arkansas

Supreme Court Committee on Professional Conduct. In his petition and on appeal, appellant likens this situation to cases were trial counsel was under investigation by the same office prosecuting his client or the investigation was otherwise directly involved with the facts of the client's case. In its order denying postconviction relief, the trial court found that the investigation here did not raise a potential conflict, and noted that the prosecutor's office was not involved. The trial court's findings on this issue were not clearly erroneous.

To prevail on a claim of ineffectiveness due to a conflict of interests, a defendant must demonstrate the existence of an actual conflict of interest that affected counsel's performance, as opposed to a mere theoretical division of loyalties. *Jones v. State*, 355 Ark. 316, 136 S.W.3d 774 (2003). A defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief, but in the absence of an actual conflict, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Id.* Appellant does not offer any demonstration of prejudice, but asserts that the investigation resulted in an actual conflict.

The investigation of trial counsel by the Committee was not conducted by the same office prosecuting the case against appellant. Nor does it appear that the underlying facts involved in appellant's case at trial were in any way entwined with those under investigation by the Committee. Even in those situations that are inherently fraught with potential conflict, such as those where an attorney represents multiple defendants, the defendant asserting a claim of conflict must show that counsel actively represented conflicting interests by a showing of how the conflict actually prejudiced his defense. *See Cook v. State*, 361 Ark. 91, 204 S.W.3d 532 (2005) (*per curiam*).

Here, it is not clear how the outcome of appellant's trial, the strategy used or any of the decisions required of counsel in conducting appellant's defense would have had any impact on the investigation or a decision by the Committee concerning trial counsel. Appellant points to no specific instance where a decision by counsel may have been adversely affected by the investigation, and does not indicate that any conduct in this case was included in the Committee's review at that time. To the extent that counsel appears to argue that any effect, even if it may appear a positive one, must be presumed adverse and should require the trial court

to find an actual conflict of interest, we do not agree. The only potential effect that may be apparent in the situation presented here is the possibility that counsel may have felt pressured to exert greater care and diligence so as not to bring additional cases under the Committee's review. A conflict by its nature requires opposite interests, not those aligned.

The cornerstone principle in all conflict cases is whether prejudice will result to the client as a result of the conflict of interest and that prejudice must be real and have some demonstrable detrimental effect on the client and not merely be abstract or theoretical. *Echols v. State*, 354 Ark. 530, 127 S.W.3d 486 (2003). If the fact that trial counsel was under investigation by the Committee actually may have had a beneficial effect on counsel's performance, the only likely potential impact on counsel's actions that appears obvious, then appellant has not demonstrated an actual conflict.

Appellant next contends that he was effectively denied counsel because counsel failed to disclose certain health problems to him. Appellant has not, however, argued that any prejudice resulted from this alleged denial of his right to counsel, or even that counsel's health problems had any effect on his representation. Appellant does not contend that he would have declined or dismissed counsel and sought other representation had he been advised of these health problems. Appellant only claims that he was denied his right to make an informed choice of counsel because this information was not provided to him.

The exceptions to the test in *Strickland* that recognize a presumption of prejudice fall within one of three categories, and are as follows: (1) where assistance of counsel has been denied completely during a critical stage of the proceedings; (2) where counsel entirely fails to subject the prosecution's case to meaningful adversarial testing; (3) where counsel is called upon to render assistance under circumstances where competent counsel very likely could not. *Bell v. Cone*, 535 U.S. 685 (2002). Appellant does not fall within any of these exceptions and must therefore show prejudice to succeed on his claim. Because appellant failed to make a showing of prejudice, we cannot say that the trial court was clearly erroneous in concluding that appellant's claim was deficient.

Appellant's last claim of ineffective assistance alleges that counsel failed to object to the introduction of the cocaine on the

basis that the prosecution had not established an adequate chain of custody. Appellant contends that trial counsel should have objected on the basis that there were inconsistencies in the descriptions of the substance and the number of packages that were seized, as compared to the description of what was tested. The trial court found that the objection would not have been successful, if made, and that trial counsel did argue the inconsistencies to the jury.

Once again, we cannot say that the trial court's findings were clearly erroneous. Appellant contends that inconsistencies in the description of the texture of the substance and the number of packages would have sustained an objection to the admission of the evidence. He cites *Crisco v. State*, 328 Ark. 388, 943 S.W.2d 582 (1997), where we indicated that the proof of the chain of custody for interchangeable items like drugs or blood needs to be more conclusive, and found that the trial court had abused its discretion in receiving a substance into evidence under circumstances where there were inconsistent descriptions of the substance provided by the undercover officer and the chemist who performed the analysis.

This court has consistently held that the purpose of establishing chain of custody is to prevent the introduction of evidence that has been tampered with or is not authentic. *Green v. State*, 365 Ark. 478, 231 S.W.3d 638 (2006). While the State is not required to eliminate every possibility of tampering with the evidence, the trial court must be satisfied within a reasonable probability that there has been no tampering. *Id.* Minor uncertainties in the proof of chain of custody are matters to be argued by counsel and weighed by the jury, but they do not render the evidence inadmissible as a matter of law. *Id.*

Here, the circumstances are more similar to those in *Guydon v. State*, 344 Ark. 251, 39 S.W.3d 767 (2001), than to those in *Crisco*. In *Guydon*, we affirmed on admission of the drugs because we determined that the varied descriptions as to weight were not so markedly different and could have been attributed to differing sensitivity of the scales used. In *Crisco*, the State did not recall the undercover officer in order to identify the substance. Here, the undercover officer did identify the substance as what was received from the informant and passed onto the next officer in the chain, and she further testified that the description in her report was not accurate. Inaccuracies in the number of packages reported were not significant in that they could have been attributed to smaller packages being initially packaged together.

■ Because the substance was identified by the undercover officer, we cannot say that the conflicting evidence was so significant that the evidence must have been excluded, and we therefore hold that the trial court was not clearly erroneous in determining the objection would not have been sustained. Counsel is not ineffective for failing to make an argument that is meritless, either at trial or on appeal. *Camargo v. State*, 346 Ark. 118, 55 S.W.3d 255 (2001).

■ Appellant next asserts that the trial court erred by denying the petition without a hearing. An evidentiary hearing should be held in a postconviction proceeding unless the files and the records of the case conclusively show that the prisoner is entitled to no relief. *Sanders v. State*, 352 Ark. 16, 98 S.W.3d 35 (2003). The trial court has discretion pursuant to Ark. R. Crim. P. 37.3(a) to decide whether the files or records of the case are sufficient to sustain the court's findings without a hearing. *Greene*, 356 Ark. at 66, 146 S.W.3d at 877. We cannot say that the trial court abused that discretion. We would agree that the petition and record are sufficient in this case to support the trial court's findings without further factual inquiry.

Appellant's last point asserts error in the trial court's refusal to order production of trial counsel's files and to permit amendment of the petition following review of that file. The trial court denied the request because appellant had provided no proffer concerning what information he hoped to obtain or what additional deficiencies might be revealed. Rule 37.2(e) of the Arkansas Rules of Criminal Procedure provides that a petition may be amended with leave of the court before the court acts upon the petition. The rule clearly provides that permission to amend is discretionary. We cannot say that the trial court abused that discretion by denying leave to amend, as the request to amend was tied to the request for production of the files and we cannot say that the trial court erred by refusing to order production of trial counsel's files.

Appellant argues that the court's requirement that he state specifically what he hoped to find, or what other errors might be asserted, left him in a Catch-22 situation, unable to comply without having the files. He asserts that justice and fundamental fairness require that he have this opportunity, and that the trial court had, in essence, penalized him for his trial counsel's unprofessional behavior in refusing to provide the files. The State

responds that, because a Rule 37.1 proceeding is intended to address mistakes at trial, appellant should be able to prepare his petition from the record. We would not agree that under all circumstances the record would contain all the information needed to provide sufficient facts to support a Rule 37.1 petition. However, a defendant's own knowledge of discussions with trial counsel, in combination with the record, would seem to provide a sufficient basis to articulate any areas of concern as to counsel's performance.

It is true that this court has stated that a hearing on a Rule 37.1 petition is not available to a petitioner in hopes of finding grounds for relief. *Greene*, 356 Ark. at 67, 146 S.W.3d at 877. Access to trial counsel's files in order to prepare for a Rule 37.1 proceeding and filing the petition, is not, however, an issue that we have previously addressed. We hold that, while the trial court may, at its discretion, require trial counsel to provide access to those files, just as counsel may be required to provide testimony, the trial court does not abuse that discretion by requiring a defendant to state with specificity the areas of concern as to counsel's performance, the portions of trial counsel's records that are required to investigate those concerns, and how those records are relevant to the inquiry. We therefore hold that, as to appellant's final point, as well as the previous points, no reversible error occurred.

Affirmed.