Robert Lee SPARKMAN *v.* STATE of Arkansas

CR 06-1141                                                    281 S.W.3d 277

Supreme Court of Arkansas
Opinion delivered March 20, 2008

*Huggins & Huggins, P.A.*, by: *Joel O. Huggins*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

D ONALD L. CORBIN, Justice. Appellant Robert Lee Sparkman was convicted of the rape of a four-year-old girl and

received a sentence of 216 months' imprisonment in the Arkansas Department of Correction. This conviction was affirmed by the court of appeals in *Sparkman v. State*, 91 Ark. App. 138, 208 S.W.3d 822 (2005) (*Sparkman I*). Subsequently, Appellant timely filed a petition for postconviction relief pursuant to Ark. R. Crim. P. 37.1, which the Benton County Circuit Court denied. Appellant has lodged an appeal here from that order. On appeal, he argues that the circuit court erred when it denied his Rule 37 petition without an evidentiary hearing because the petition was not conclusory and he did show prejudice as required by *Strickland v. Washington*, 466 U.S. 668 (1984). We agree and reverse and remand for a new trial.

On July 7, 2005, Appellant filed a verified pro se petition for postconviction relief in which he argued that trial counsel was ineffective in failing to move to suppress his custodial statement, given to Detective Brad Abercrombie, because it was taken in violation of his Sixth Amendment right to counsel. Appellant also requested an evidentiary hearing on the matter. Shortly thereafter, Appellant filed a motion for appointment of counsel pursuant to Ark. R. Crim. P. 37.3(b). In a September 23, 2005 order, the circuit court appointed new counsel to represent Appellant in his postconviction proceedings.

In response to the Rule 37 petition, the State argued that Appellant had failed to show cause and prejudice under *Strickland*.[1] Then, on March 15, 2006, the State filed a motion to dismiss the petition because Appellant failed to plead facts showing actual prejudice, such that his claim of ineffective assistance of counsel was "conclusory" in nature and, as such, could not be a basis for postconviction relief. The circuit court held two hearings on the matter. Following these hearings, and upon review of the record and the pleadings, the court found that the Rule 37 petition was conclusory in nature and dismissed the petition. Additionally, the circuit court found that Appellant had not shown actual prejudice and that there was no reasonable probability that the outcome of his trial would have been different had his statement been suppressed. In conclusion, the court further found that "this one error

---

[1] The State also argued that the circuit court should find as a matter of trial strategy that the defense did not move to suppress Appellant's statement on the ground that his Sixth Amendment right to counsel was violated. This argument was not the basis for the circuit court's ruling nor is it an issue on appeal.

by trial counsel did not result in the 'breakdown in the adversarial process,' nor did this one error deny [Appellant] a fair trial." This appeal followed.

In appeals of postconviction proceedings, we will not reverse a circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *State v. Barrett*, 371 Ark. 91, 263 S.W.3d 542 (2007); *Walker v. State*, 367 Ark. 523, 241 S.W.3d 734 (2006) (per curiam); *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Barrett*, 371 Ark. at 95, 263 S.W.3d at 545.

On appeal, Appellant claims that the circuit court erred when it denied his Rule 37 petition without an evidentiary hearing based upon the court's findings that (1) the petition was conclusory in nature, and (2) he did not show prejudice as required by *Strickland*. We have explained that in determining whether a petitioner has established grounds entitling him to Rule 37 relief, the circuit court relies upon the Rule 37 petition itself. *Sanders v. State*, 352 Ark. 16, 98 S.W.3d 35 (2003). Moreover, Ark. R. Crim. P. 37.3(a) provides its own mechanism for dealing with conclusory petitions:

> (a) If the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings.

We have interpreted Rule 37.3(a) to require an evidentiary hearing in a postconviction proceeding *unless* the files and the records of the case conclusively show that the prisoner is entitled to no relief. *See Walker*, 367 Ark. 523, 241 S.W.3d 734; *Sanders*, 352 Ark. 16, 98 S.W.3d 35. It is undisputed that a circuit court has discretion pursuant to Rule 37.3(a) to decide whether the files or records are sufficient to sustain the court's findings without a hearing. *Id.* However, Ark. R. Crim. P. 37.3(c) provides that when a Rule 37 petition is filed in the circuit court and the court does not dispose of the petition under Rule 37.3(a), the court shall promptly grant a hearing on the petition.

In the present case, the circuit court found that Appellant's Rule 37 petition was conclusory in nature and subsequently dismissed the petition. This was clear error as Appellant's Rule 37

petition provided specific facts to "establish actual prejudice due to his attorney's conduct" at trial and not conclusory allegations. *Sanford v. State*, 342 Ark. 22, 27, 25 S.W.3d 414, 417 (2000). Although we hold that the circuit court clearly erred in finding that Appellant failed to state factually specific, nonconclusory allegations in his Rule 37 petition, we are not required to remand the case back to the circuit court for an evidentiary hearing as the court fully complied with Rule 37.3(a). Specifically, after finding that Appellant's petition was conclusory, the circuit court also denied the petition and provided written findings as to the basis for its conclusion that Appellant had not shown actual prejudice and that there was a reasonable probability that the outcome of his trial would not have been different had his statement been suppressed. Therefore, we can address the merits of Appellant's ineffective assistance of counsel claim.

In an appeal from a circuit court's denial of a Rule 37 petition, the question presented to us is whether, based on the totality of the evidence, the circuit court clearly erred in holding that counsel's performance was not ineffective under the *Strickland* standard. *See Walker*, 367 Ark. 523, 241 S.W.3d 734; *Howard*, 367 Ark. 18, 238 S.W.3d 24. Under the standard set forth in *Strickland*, to determine ineffective assistance of counsel, the petitioner must show first that counsel's performance was deficient. *Barrett*, 371 Ark. 91, 263 S.W.3d 542; *Howard*, 367 Ark. 18, 238 S.W.3d 24. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. *Barrett*, 371 Ark. 91, 263 S.W.3d 542. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

Second, the petitioner must show that the deficient performance prejudiced the defense, which requires showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. *Id.* The petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*

Furthermore, unless a petitioner makes both *Strickland* showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreli-

able. *Id*. Actual ineffectiveness claims alleging deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice. *Barrett*, 371 Ark. 91, 263 S.W.3d 542. Additionally, the burden is on the petitioner to provide facts to support his claim of prejudice. *Id*. The defendant claiming ineffective assistance of counsel has the burden of overcoming that presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id*. Finally, conclusory statements cannot be the basis of postconviction relief. *Id*.

Appellant has met the first requirement of the *Strickland* test by showing that counsel's performance was deficient by failing to move to suppress his custodial statement as a violation of the Sixth Amendment right to counsel. Specifically, it is clear that Appellant's custodial statement would have been suppressed as a violation of the Sixth Amendment right to counsel under *Bradford v. State*, 325 Ark. 278, 927 S.W.2d 329 (1996), had trial counsel so moved. In *Bradford*, we held as follows:

> We read *Michigan v. Jackson*[, 475 U.S. 625 (1986),] to stand for the proposition that once the Sixth Amendment right to counsel attaches and once the defendant requests counsel, an ordinary waiver of *Miranda* rights will not suffice to validate a subsequent confession. The same principle should apply to appointed counsel .... Once counsel was appointed by the court, knowledge of the appointment was imputed to police officers, and they were under an affirmative obligation to respect it.

*Id*. at 288, 927 S.W.2d at 334.

Here, it is undisputed that prior to his interrogation, Appellant had been appointed counsel, and said counsel was not notified of the interrogation nor present for it. It was during this interrogation that Appellant admitted to certain sexual acts with the victim. During trial, counsel moved to suppress the statement based upon a false promise used to entice the confession, but this motion was denied by the circuit court. Upon review, and as the circuit court found, had trial counsel moved to suppress the custodial statement for violation of Appellant's Sixth Amendment right to counsel it would have been granted. Accordingly, there is no question Appellant satisfied the first prong of *Strickland* as he has shown that trial counsel's performance was deficient and that it was

an error so serious that counsel was not functioning as that guaranteed by the Sixth Amendment.

■ We must now review whether, based upon the totality of the evidence, Appellant has shown that he was so prejudiced by counsel's deficient performance that he was deprived of a fair trial. *See Barrett*, 371 Ark. 91, 263 S.W.3d 542. Here, based upon the totality of the evidence, we hold that the circuit court clearly erred in finding that Appellant had not shown prejudice and that there was not a reasonable probability that the outcome of his trial would have been different absent his custodial statement.

First, and foremost, the United States Supreme Court has held:

> A confession is like no other evidence. Indeed, "the defendant's own confession is probably the most probative and damaging evidence that can be admitted against him. . . . [T]he admissions of a defendant come from the actor himself, the most knowledgeable and unimpeachable source of information about his past conduct. Certainly, confessions have profound impact on the jury, so much so that we may justifiably doubt its ability to put them out of mind even if told to do so."

*Arizona v. Fulminante*, 499 U.S. 279, 296 (1991) (quoting *Bruton v. United States*, 391 U.S. 123, 139-40 (1968) (White, J., dissenting)); *see also Cruz v. New York*, 481 U.S. 186 (1987) (White, J., dissenting); *United States v. Jones*, 16 F.3d 275 (8th Cir. 1994); *Griffin v. State*, 322 Ark. 206, 909 S.W.2d 625 (1995) (Glaze, J., concurring). This nature of a confession alone shows that the introduction of Appellant's videotaped statement at trial likely, if not certainly, impacted its outcome.

Second, the other evidence introduced at trial included a videotaped interview of the victim. In *Sparkman I*, the sole issue on appeal was that the use of this video violated the Confrontation Clause of the Sixth Amendment as Appellant was unable to conduct a cross-examination of the victim during the interview. The court of appeals did not directly address this issue and instead held that the admission of the victim's videotaped statement was cumulative and any error was harmless. In reaching this decision, the court of appeals relied upon other evidence introduced at trial, including Appellant's inculpatory statement to Detective Abercrombie. For example, the court of appeals included specific

details of Appellant's "own admission during his interview with Detective Abercrombie that he engaged in inappropriate sexual conduct with T.B." when it performed its harmless-error analysis. *Sparkman I*, 91 Ark. App. at 142, 208 S.W.3d at 825.

We cannot ignore the impact Appellant's statement had on his trial and his direct appeal. Frankly, based on the great weight accorded a confession, the inclusion of Appellant's statement as State's evidence at trial, and as used by the court of appeals in affirming his conviction, is sufficient to find that there is a reasonable probability that the decision reached would have been different absent counsel's failure to move to suppress the statement. Based upon the foregoing, the second prong of *Strickland* has been satisfied.

As Appellant has satisfied both prongs of the *Strickland* test, we hold that his conviction resulted from a breakdown in the adversarial process that renders the result unreliable. Accordingly, the circuit court clearly erred when it denied Appellant postconviction relief. We reverse and remand for a new trial. Upon retrial, the evidence against Appellant will not include his custodial statement.[2]

Reversed and remanded.

---

[2] Although we are prevented from considering the issue at this time, we note that upon retrial the circuit court would be able to consider any suppression motions as to admissibility of the State's evidence.