2009 Ark. 569

**Kenneth Allan BRITT, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 08–841.**

Supreme Court of Arkansas.

Nov. 12, 2009.

Kenneth Allan Britt, pro se.

PER CURIAM.

In 2006, a jury found appellant Kenneth Allan Britt guilty of manufacturing methamphetamine, possessing drug paraphernalia with intent to manufacture methamphetamine, and fleeing, and sentenced him to an aggregate term of 240 months' imprisonment in the Arkansas Department of Correction. The Arkansas Court of Appeals affirmed the judgment. *Britt v. State,* CACR 07–103, 2007 WL 3276800 (Ark.App. Nov. 7, 2007), petition for review denied CR 07–1224, 2008 WL 331074 (Ark. Feb 7, 2008) (per curiam). Appellant filed in the trial court a pro se petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 that was denied. Appellant appeals the denial of postconviction relief and raises twelve points of error.

This court does not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous. *State v. Barrett,* 371 Ark. 91, 263 S.W.3d 542 (2007); *see also Anderson v. State,* 2009 Ark. 493, 2009 WL 3235533 (per curiam); *Davis v. State,* 366 Ark. 401, 235 S.W.3d 902 (2006). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Anderson,* 2009 Ark. 493, at 2 (citing *Small v. State,* 371 Ark. 244, 264 S.W.3d 512 (2007) (per curiam)). We hold that the trial court's denial of postconviction relief was not clearly erroneous.

Appellant's first point on appeal alleges that trial counsel was ineffective for failure to object to the charges of manufacture of methamphetamine and possession of drug paraphernalia with intent to manufacture methamphetamine on the basis that the charges were a violation of the prohibition against double jeopardy. Appellant additionally argues fundamental error as a result of the alleged violation of the Double Jeopardy Clause. The trial court found no double-jeopardy violation as asserted in appellant's petition.

Appellant's claim in his petition was founded upon the allegation that one of the two charges is a lesser-included offense of the other charge. He did not further develop this argument in his petition and does not do so on appeal. He has failed even to identify which of the two charges he contends is included within the other. We will not research and develop arguments for appellants. *Hester v. State,* 362 Ark. 373, 208 S.W.3d 747 (2005). Moreover, in *Hester,* this court held that possession of drug paraphernalia with intent to manufacture methamphetamine was not a lesser-included offense of manufacture of methamphetamine. Appellant appears to concede this point in his reply brief, and we cannot hold that the trial

court clearly erred in denying relief on this point.

■ Appellant's second point on appeal is solely based on an allegation of ineffective assistance of counsel. Our standard of review on appeal from a trial court's denial of |₃postconviction relief as to a claim of ineffective assistance of counsel is clear. We apply the standard that was set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and, taking into consideration the totality of the evidence, we determine whether the trial court clearly erred in holding that counsel's performance was not ineffective. *French v. State*, 2009 Ark. 443, 2009 WL 3047356 (per curiam); *Small*, 371 Ark. at 250, 264 S.W.3d at 515. Under the *Strickland* test, a claimant must show that counsel's performance was deficient, and the claimant must also show that this deficient performance prejudiced his defense so as to deprive him of a fair trial. *French*, 2009 Ark. 443, at 1; *Walker v. State*, 367 Ark. 523, 241 S.W.3d 734 (2006) (per curiam).

A brief summary of the evidence presented at appellant's trial is necessary to understand our analysis under this standard. In October of 2004, someone driving appellant's car fled from an officer who attempted to make a traffic stop. The vehicle eventually hit a tree, the driver ran into the woods, and the police officer found appellant's then girlfriend, Sarina Simpson, in the passenger seat. Ms. Simpson initially provided a false name for the driver of the car. Later, however, she told a police officer and testified that appellant was driving. A number of items found in the car were commonly used to manufacture methamphetamine. Months later, an officer serving the warrant arrested appellant, having found appellant hiding between the mattress and box springs of a bed in the house where Ms. Simpson at the time resided.

■■ In his petition, appellant alleged that counsel was ineffective for failure to object to the admission of certain evidence relevant to the manufacture of methamphetamine, including locks |₄and matches, found at Ms. Simpson's grandmother's house.[1] The trial court found that appellant failed to show prejudice as to this claim. The trial court correctly determined that, considering the totality of the evidence in this case, appellant failed in his demonstration of prejudice. A petitioner must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Gaye v. State*, 2009 Ark. 201, 307 S.W.3d 1 (citing *Sparkman v. State*, 373 Ark. 45, 281 S.W.3d 277 (2008)). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*

The evidence that appellant contends counsel should have opposed was unlikely to have changed the outcome of the trial. The items appellant contends should have been excluded were locks and matches, including some matches with the striker plates removed. There was evidence introduced from the search of the vehicle that, after testing, indicated the presence of phosphorous. Appellant's defense at trial was to implicate his girlfriend, Ms. Simpson, rather than appellant, as the "meth cook." The defense offered evidence that suggested that Ms. Simpson had borrowed the car and another man was driving. The trial court did not clear-

---

1. Ms. Simpson had been living in her grandmother's house at the time the charged crimes were committed.

ly err in finding that appellant failed to meet his burden to demonstrate a reasonable probability that the jury's decision would have been different had the evidence from his girlfriend's residence been excluded.

Appellant's third point on appeal alleges that trial counsel was ineffective for failing to object to evidence outside the scope of the trial court's initial ruling on a motion in limine. In his petition, appellant alleged that counsel failed to object to testimony concerning two incidents in which appellant was apprehended, along with Ms. Simpson, and convicted of other crimes related to methamphetamine.[2] The trial court found that the grounds were raised on direct appeal.

Trial counsel did object to testimony concerning one of the two incidents, which concerned an arrest subsequent to the charges at issue. In its opinion on direct appeal, the court of appeals addressed and resolved the issue of whether the evidence as to that conviction was properly admitted under Rule 404(b) of the Arkansas Rules of Evidence. A proceeding under Rule 37.1 does not allow an appellant the opportunity to reargue points that were decided on direct appeal. *Kemp v. State*, 348 Ark. 750, 74 S.W.3d 224 (2002).

The court of appeals noted that trial counsel did not, however, object as to the other incident, and, as to that claim, did not reach the issue of whether that evidence should have been admitted. The decision on direct appeal did not, therefore, dispose of the question concerning whether counsel was ineffective as to that incident. Nonetheless, the trial court was not clearly erroneous in finding that the claim did not support postconviction relief.

Ineffectiveness claims alleging deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice. *Barrett*, 371 Ark. at 96, 263 S.W.3d at 546. Appellant did not plead facts in the petition to support the requisite showing of prejudice. Counsel is presumed effective, and allegations without factual substantiation are insufficient to overcome that presumption. *Nelson v. State*, 344 Ark. 407, 39 S.W.3d 791 (2001) (per curiam); *see also id.*

Here, appellant did not provide a showing that, had counsel objected to admission of the evidence, that objection would have been meritorious. Counsel is not ineffective for failing to make an argument that is meritless. *Anderson*, 2009 Ark. 493, at 2 (citing *Camargo v. State*, 346 Ark. 118, 55 S.W.3d 255 (2001)). Although appellant characterized it otherwise in his argument on this point, the trial court's final ruling on the issue of the prior bad acts found that evidence concerning the circumstances of appellant's arrest was independently relevant to the issue of the identity of the driver of the car and appellant's relationship with Ms. Simpson, including their previous shared experiences with methamphetamine.

In order to find evidence of past crimes admissible under Rule 404(b), a court must find that (1) the evidence is independently relevant, having a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence; and (2) the evidence was more probative than prejudicial under the balancing test in Rule 403 of the Arkansas Rules of Evidence. *Saul v.*

---

2. Despite appellant's claim to the contrary, the testimony at trial did indicate he was convicted on drug charges arising from the two incidents.

*State,* 365 Ark. 77, 225 S.W.3d 373 (2006). Appellant's argument that the prejudicial nature of the evidence of the second incident outweighed its probative value mirrors counsel's unsuccessful argument on the motion in limine and the argument rejected on appeal as to the other incident. Appellant did not plead facts to demonstrate that counsel could have presented a meritorious objection to the evidence.

■ Appellant next asserts on appeal that the trial court erred in changing its ruling on the |₇Rule 404(b) evidence by not later restricting the evidence introduced and limiting the cautionary instruction to evidence offered in support of the issue of identity. In his brief, appellant argues that counsel objected to the instruction but failed to raise the issue on appeal. Appellant did not include an allegation of ineffective assistance in his Rule 37.1 petition. Issues raised for the first time on appeal, even constitutional issues, will not be considered because the circuit court never had an opportunity to make a ruling. *Johnson v. State,* 2009 Ark. 460, 344 S.W.3d 74 (per curiam) (citing *Green v. State,* 362 Ark. 459, 209 S.W.3d 339 (2005)).

■ As to appellant's assertion of error by the court in permitting the cautionary instruction to include the additional language, appellant's claim is not cognizable in a Rule 37.1 proceeding. Generally, a petition under Rule 37.1 does not provide a remedy when an issue could have been raised at trial or argued on appeal. *Howard v. State,* 367 Ark. 18, 238 S.W.3d 24 (2006). To fall within the very limited exception to that rule, the ground must be one so basic that it renders the judgment a complete nullity, such as a lack of jurisdiction, a violation of double jeopardy, or the right to a twelve-member jury. *Id.* at 26–27, 238 S.W.3d at 32. Appellant did not raise an issue in this claim that falls within the

exception. *See Phavixay v. State,* 373 Ark. 168, 282 S.W.3d 795 (2008) (holding that a new trial was the remedy for erroneous admission of Rule 404(b) evidence).

■ In appellant's fifth point on appeal, he contends that counsel was ineffective for failure to object to introduction of the Rule 404(b) evidence as to knowledge, absence of mistake, or accident on the basis that the State had not first established identity. The trial court found that this issue had been addressed on direct appeal. However, the argument addressed on direct |₈appeal was confined to whether the probative value of the evidence outweighed undue prejudice.

Trial counsel did object to language in the proposed jury instruction concerning knowledge, absence of mistake, or fraud. Counsel more generally argued that the instruction should advise that the evidence was to be considered only for the purpose of showing identity; she did argue that the additional language was inappropriate for the evidence that had been presented. She did not argue the precise claim appellant raises.

■ Appellant did not provide, in the petition or his brief to this court, any support, either through citation or argument, for his assertion that definitive proof of identity was required. It is not apparent that the State was required here to have established that appellant was in the car with the methamphetamine paraphernalia before introducing evidence as to knowledge, absence of mistake, or fraud. This court will not consider an argument that presents no citation to authority or convincing argument. *Davis v. State,* 2009 Ark. 478, 348 S.W.3d 553; *Kelly v. State,* 350 Ark. 238, 85 S.W.3d 893 (2002). Moreover, the State provided testimony from Ms. Simpson that was proof of identity, even if contested. Appellant did not dem-

onstrate that counsel could have made a meritorious objection on the proposed grounds.

■ Appellant next contends that counsel was ineffective for failing to introduce a letter from Ms. Simpson, which he alleges would show that Ms. Simpson was a "meth cook." The trial court found that the claim failed to show prejudice. At trial, Ms. Simpson admitted during her testimony that she had been convicted of a number of drug-related charges, including attempt to manufacture methamphetamine and maintaining a drug premise. The trial court did not clearly err in finding that counsel was not ineffective for not introducing what would have been only cumulative evidence as to Ms. Simpson's knowledge and intent.

■ In his seventh point on appeal, appellant asserts counsel was ineffective and committed fraud in hiring an investigator. Appellant alleges that counsel received a sum of money to hire a private investigator, but did not subpoena the investigator for trial or return any portion of the money allotted to pay the investigator. Appellant further alleges that the investigator interviewed one potential witness, but was unsuccessful in his attempts to interview another potential witness. The trial court found that the decision not to call the investigator was a matter of trial tactics and that appellant had failed to demonstrate prejudice. We agree that appellant simply pled no facts in his petition that provided any demonstration as to how either the investigator's testimony or the return of any remaining monies would have affected the outcome of the trial.

■ In his eighth point on appeal, appellant asserts that trial counsel was ineffective for failing to call three witnesses to testify at trial. The trial court found that the decision was a matter of trial tactics and that appellant failed to demonstrate prejudice.

Appellant alleged in his petition that one witness, Tammi Turner, would testify that he was at her house on the night of the incident and that Ms. Simpson came and borrowed his car. The second witness, Brandi Turner, would have provided the same testimony. Patti Yeager, appellant alleged, would have testified that Ms. Simpson told her that appellant would be mad because she had wrecked petitioner's car with a methamphetamine lab in it.

■ The objective in reviewing an assertion of ineffective assistance of counsel concerning the failure to call certain witnesses is to determine whether this failure resulted in actual prejudice that denied the petitioner a fair trial. *Small*, 371 Ark. at 251, 264 S.W.3d at 516. An attorney's decision not to call a particular witness is largely a matter of professional judgment, and the fact that there was a witness or witnesses who could have offered testimony beneficial to the defense is not, itself, proof of counsel's ineffectiveness. *Id.* Trial counsel must use his or her best judgment to determine which witnesses will be beneficial to a defendant. *Id.* In assessing the attorney's decision not to call a particular witness, it must be taken into account that the decision is largely a matter of professional judgment that experienced advocates could endlessly debate. *Id.* It is incumbent on a petitioner to name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. *Id.*

We cannot say that the trial court was clearly erroneous in determining that appellant had failed to demonstrate prejudice as to this claim in his petition. Appellant did provide some summary as to what testimony he contends that the witnesses would provide, but he failed to allege facts

sufficient to support a showing of actual prejudice.

Ms. Yeager's alleged testimony would have been cumulative to testimony from appellant's sister, stating that she had received a similar call. Appellant alleged that the other two witnesses would have provided him with an alibi. He did not, however, provide sufficient detail or specifics concerning the testimony to be provided. Appellant did not provide any information confirming that the two witnesses would have been willing and available to testify, or as to the specific testimony that would have been given. The statements that appellant did allege would be provided were too general concerning time and location in order to, in fact, establish any alibi.

■ Appellant's next claim in the petition, which he presents as the ninth point on appeal, concerns appellant's allegation that trial counsel was ineffective for failing to challenge the State's tactics in not charging Ms. Simpson. Appellant concedes that he found no authority to support the claim and acknowledges that counsel did object to the State's tactics. Rather than pursuing the issue, appellant defers to his position in the tenth point on appeal.

In his tenth point, appellant asserts that the trial court erred in failing to find Ms. Simpson was an accomplice as a matter of law. The trial court found that the issue had been addressed on appeal.

Appellant alleges that Ms. Simpson should have been considered an accomplice based upon the circumstances. As he clarifies in his reply brief, appellant would now assert a combination of elements of his two separate claims below. Appellant would assert that the trial court was required to find Ms. Simpson an accomplice because of what he characterizes as prosecutorial misconduct in not charging Ms. Simpson in order to require the question of her status

as an accomplice to be presented to the jury. To the extent that appellant raises the claim for the first time on appeal, we decline to address it. Even as to those portions of his argument in which appellant reasserts the claim he raised below, the issue was, as the trial court found, addressed on appeal. *See Kemp*, 348 Ark. at 765–66, 74 S.W.3d at 232. The trial court did not clearly err in finding that appellant could not reargue the issue in his Rule 37.1 petition.

■ Appellant next asserts that counsel was ineffective for failing to move for a new trial when appellant provided counsel with a letter from Ms. Simpson in which she recanted her testimony. The trial court found that the claim was not cognizable in a proceeding under Rule 37.1. A claim of ineffective assistance after trial may be cognizable. *See Howard v. State*, 291 Ark. 633, 727 S.W.2d 830 (1987) (per curiam) (motion for new trial was an extension of trial proceeding and defendant was therefore entitled to effective assistance of counsel). As the State argues in its brief, however, a motion for new trial would have been without merit. Appellant acknowledges that he provided the letter to counsel more than thirty days after the judgment was entered. Rule 33.3(b) of the Arkansas Rules of Criminal Procedure (2006) required that a motion for new trial be brought within thirty days of the date the judgment was entered.

■ In his last point on appeal, appellant alleges that counsel was ineffective for failing to object to the introduction of a letter appellant wrote to Ms. Simpson while he was in jail awaiting trial. The trial court found that the claim was not cognizable in a Rule 37.1 proceeding. A claim of ineffective assistance is cognizable, but the trial court did not err in denying postconviction relief on this point.

In his petition, appellant alleged that trial counsel should have objected on the basis that the letter had no probative value and was prejudicial, and because appellant had a right not to testify. Trial counsel did object to the introduction of the letter to the extent that she argued certain portions should have been redacted.

During a break in the proceedings, the trial court provided rulings as to specific portions of the letter that were contested. From those rulings, it is clear that the trial court found that the admitted portions of the letter did have probative value to establish appellant's feelings toward Ms. Simpson, appellant's relationship with another individual, and as evidence of the State's contention that appellant had attempted to persuade Ms. Simpson to change her testimony. The trial court sustained counsel's objection to some portions of the letter as too prejudicial to be admissible.

Had counsel simply objected to the letter as a whole, the trial court would likely have ruled that particular portions be redacted, as it did, or admitted the letter in its entirety. The letter could have been construed as strongly probative of appellant's knowledge or consciousness of guilt. *See Henderson v. State*, 322 Ark. 402, 910 S.W.2d 656 (1995) (evidence of witness tampering was held to be relevant and strongly probative of defendant's knowledge or consciousness of guilt); *see also Phillips v. State*, 344 Ark. 453, 40 S.W.3d 778 (2001) (trial court was not required to suppress evidence of guilt where letter was open to other interpretation). Appellant's claim did not demonstrate that counsel could have stated a meritorious objection on the basis of prejudice.

Appellant also asserts that counsel should have objected on the basis that appellant was placed in a position in which he was compelled to testify to rebut the contents of the letter.[3] Appellant cited no authority to support his argument, and we do not consider it. *See Webb v. State*, 327 Ark. 51, 63, 938 S.W.2d 806, 813 (1997) (this court has repeatedly held that where an appellant has cited no authority for his argument, we will not consider the merits of it).

Finally, we note that, in a number of the points on appeal, appellant asserts that he was denied due process because the trial court did not provide him with an evidentiary hearing. An evidentiary hearing is required in a postconviction proceeding unless the files and records of the case conclusively show that the prisoner is entitled to no relief. *Sparkman*, 373 Ark. at 48, 281 S.W.3d at 280. Here, the files and records of the case indicated that appellant was not entitled to postconviction relief on the petition filed. Appellant has not demonstrated error by the trial court as to the denial of postconviction relief, and we affirm.

Affirmed.

---

3. We note that appellant did not, in fact, testify at his trial.