2012 Ark. 143

### Michael Wade MYERS and Scott Lynn Hall, Appellants

v.

### STATE of Arkansas, Appellee.

### No. CR 11–111.

Supreme Court of Arkansas.

April 5, 2012.

---

John Wesley Hall, Little Rock, for appellants.

Dustin McDaniel, Atty. Gen., Vada Berger, Asst. Atty. Gen., Little Rock, for appellee.

JIM GUNTER, Justice.

Appellants Michael Wade Myers and Scott Lynn Hall appeal the dismissal of their Rule 37 petitions and assert that their trial counsel was ineffective in (1) failing to raise an objection to appellants' convictions for both possession of drug paraphernalia with intent to manufacture methamphetamine and manufacturing methamphetamine; (2) failing to object to appellants' convictions for both possession of methamphetamine with intent to deliver and manufacturing methamphetamine; (3) failing to object to appellants' convictions for possession of methamphetamine with intent to deliver; and (4) failing to challenge the unconstitutional repeal of the seventy-percent provision of Ark.Code Ann. § 16–93–611. We find no error and affirm.

In criminal informations filed May 23, 2003, appellants were charged with manufacturing methamphetamine, possession of drug paraphernalia with intent to manufacture methamphetamine, and possession of drug paraphernalia. In addition, Myers was charged as a habitual offender. On January 26, 2004, amended informations were filed adding a charge of possession of methamphetamine with intent to manufacture against both Myers and Hall. At the beginning of trial, however, the State clarified that it had intended to charge Myers and Hall with possession of methamphetamine with intent to deliver and that the "intent to manufacture" language in the amended information was a typo. Appellants' counsel stated that he had noticed the error and understood that it was just a typo. Hall's amended information was corrected by the court by hand to show that he was charged with possession of methamphetamine with intent to deliver; however, at the close of the State's evidence, the State moved to reduce the charge against Myers to simple possession of methamphetamine.

A jury found appellants guilty of manufacturing methamphetamine, possession of drug paraphernalia with intent to manufacture methamphetamine, and possession of

drug paraphernalia. In addition, Myers was found guilty of possession of methamphetamine, and Hall was found guilty of possession of methamphetamine with intent to deliver. In judgment and commitment orders filed December 9, 2005, Myers was sentenced to twenty-four years' imprisonment, and Hall was sentenced to twenty years' imprisonment. Appellants' convictions were affirmed by the court of appeals in an unpublished opinion filed March 21, 2007.

Thereafter, on July 2, 2007, appellants both filed petitions for postconviction relief under Ark. R.Crim. P. 37. Both petitions argued that appellants' trial counsel was ineffective for (1) failing to raise an objection to appellants' convictions for both possession of drug paraphernalia with intent to manufacture methamphetamine and manufacturing methamphetamine, as possession of drug paraphernalia with intent to manufacture is a lesser-included offense of manufacturing; (2) failing to object to appellants' convictions for both possession of methamphetamine with intent to deliver and manufacturing methamphetamine, as possession of methamphetamine with intent to deliver is a lesser-included offense of manufacturing; (3) failing to object to appellants' convictions for possession of methamphetamine with intent to deliver, as appellants were not charged with this offense; and (4) failing to object when appellants' sentences were ordered to run consecutively. On September 3, 2008, both appellants filed amended petitions that omitted the argument regarding consecutive sentences and included an additional argument that trial counsel was ineffective for not challenging the unconstitutional repeal of the seventy-percent provision of Ark.Code Ann. § 16–93–611(a).[1]

On January 5, 2010, a second amended petition was filed by Hall, and on January 6, 2010, a second amended petition was filed by Myers; both second amended petitions argued the same points as the September 3, 2008 petitions. On July 16, 2010, a brief in support of the petitions was filed on behalf of both appellants.[2] The State responded to appellants' petitions and brief on September 16, 2010, and after a brief hearing on September 20, 2010, the court entered orders on October 4, 2010, denying postconviction relief as to both appellants. Appellants then filed notices of appeal on November 3, 2010.

■ We do not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous. *Greene v. State*, 356 Ark. 59, 146 S.W.3d 871 (2004). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Flores v. State*, 350 Ark. 198, 85 S.W.3d 896 (2002).

■ In reviewing claims of ineffective assistance of counsel, the question presented to this court is whether, based on the totality of the evidence, the circuit court clearly erred in holding that counsel's performance did not constitute ineffective as-

---

1. The amended petitions also altered the first argument presented and now claimed that manufacturing methamphetamine was an element of the offense of possession of drug paraphernalia with intent to manufacture methamphetamine.

2. Notably, the first argument in the brief asserted that possession of drug paraphernalia with intent to manufacture is a lesser-included offense of manufacturing methamphetamine and, conversely, that manufacturing methamphetamine is an element of the offense of possession of drug paraphernalia with intent to manufacture.

sistance of counsel under the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the standard set forth in *Strickland,* to determine ineffective assistance of counsel, the petitioner must show first that counsel's performance was deficient. *Sparkman v. State,* 373 Ark. 45, 281 S.W.3d 277 (2008). This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. *Id.* A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* The defendant claiming ineffective assistance of counsel has the burden of overcoming that presumption by identifying the acts and omissions of counsel that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id.*

Second, the petitioner must show that the deficient performance prejudiced the defense, which requires showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. *Id.* The petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*

Furthermore, unless a petitioner makes both *Strickland* showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. *Id.* Actual ineffectiveness claims alleging deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice. *Id.* Additionally, the burden is on the petitioner to provide facts to support his claim of prejudice. *Id.*

For their first point on appeal, appellants contend that possession of drug paraphernalia with intent to manufacture methamphetamine is a lesser-included offense of manufacturing methamphetamine and that being convicted of both charges is a double-jeopardy violation to which their trial counsel should have objected.[3] In its order, the circuit court found that under Arkansas law, possession of drug paraphernalia with the intent to manufacture methamphetamine is not a lesser-included offense of manufacturing methamphetamine, citing *Hester v. State,* 362 Ark. 373, 208 S.W.3d 747 (2005). Therefore, the court found, trial counsel was not ineffective for failing to raise this argument. In addition, the court found that appellants failed to prove how this alleged deficiency of trial counsel deprived them of a fair trial.

One of the protections of the double jeopardy clause is to protect a defendant from multiple punishments for the same offense. *See Wilcox v. State,* 342 Ark. 388, 39 S.W.3d 434 (2000). The United States Supreme Court has held that the

---

**3.** We note that appellants also repeat their argument that manufacturing methamphetamine is an element of the offense of possession of drug paraphernalia with intent to manufacture methamphetamine. However, appellants obtained no ruling on this argument from the circuit court. Appellants had an obligation to obtain a ruling in order to preserve an issue for appellate review, and the failure to meet that obligation precludes us from addressing any omitted issue on appeal. *Watkins v. State,* 2010 Ark. 156, 362 S.W.3d 910.

double jeopardy bar applies in the multiple punishment context where the two offenses for which the defendant is punished cannot survive the same-elements test. The same-elements test, commonly referred to as the *Blockburger* test, is as follows:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. . . . [A] single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

*Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The Arkansas General Assembly has codified this constitutional protection at Ark. Code Ann. § 5–1–110(b) (Supp.2011), which provides that an offense is included in an offense charged if the offense is established by proof of the same or less than all of the elements required to establish the commission of the offense charged.

▮ |₇To sustain a charge of possession of drug paraphernalia with the intent to manufacture methamphetamine, the State must prove beyond a reasonable doubt that the defendant knowingly used or possessed with the intent to use drug paraphernalia to manufacture methamphetamine. *See* AMI Crim.2d 6418.2. To sustain a charge of manufacturing methamphetamine, the State must prove beyond a reasonable doubt that the defendant knowingly or purposefully produced, prepared, propagated, compounded, converted, or processed, either directly or indirectly, by extraction from substances of natural origin or by means of chemical synthesis, packaged or repackaged or labeled or relabeled a container of methamphetamine. *See* AMI Crim.2d 6405. In *Hester, supra,* this court held that possession of drug paraphernalia with intent to manufacture methamphetamine was not a lesser-included offense of manufacturing methamphetamine, explaining that "to convict Hester of manufacturing methamphetamine, the statute requires the State to prove that he was engaged in the production, preparation, propagation, compounding, conversion, or processing of methamphetamine. . . . [P]ossession of drug paraphernalia with intent to manufacture methamphetamine requires no such proof." 362 Ark. at 392, 208 S.W.3d at 758.

In the present case, appellants contend that *Hester* was incorrect and should be overruled. In response, the State asserts that at the time of appellants' trial, Hester had already held that possession of drug paraphernalia with intent to manufacture methamphetamine is not a lesser-included offense of manufacturing methamphetamine, so appellants' attorney was not ineffective for failing to make an argument that was contrary to existing law. The State |₈also contends that appellants have failed to show that *Hester* was wrongly decided. We agree that appellants' trial counsel was not ineffective for failing to make an argument that was contrary to this court's recently-decided case law (*Hester* was decided in May 2005, and appellants' trial was in December 2005), and that appellants have not demonstrated that *Hester* should be overruled. We therefore affirm the circuit court on this point.

▮ For their second point on appeal, appellants argue that possession of methamphetamine with intent to deliver is a lesser-included offense of manufacturing methamphetamine, thus their convictions

for both crimes constitute a double-jeopardy violation. In its ruling, the circuit court found that under Arkansas law, possession of methamphetamine with intent to deliver was not a lesser-included offense of manufacturing methamphetamine, citing *Cothren v. State*, 344 Ark. 697, 42 S.W.3d 543 (2001). Thus, the court found that appellants had failed to show that trial counsel was ineffective or how this alleged deficiency deprived them of a fair trial.

As initial matter, we note that this argument can be considered only in regard to Hall, as Myers was not convicted of possession of methamphetamine with intent to deliver. As explained previously, to sustain a charge of manufacturing methamphetamine, the State must prove beyond a reasonable doubt that the defendant knowingly or purposefully produced, prepared, propagated, compounded, converted, or processed, either directly or indirectly, by extraction from substances of natural origin or by means of chemical synthesis, packaged or repackaged or labeled or relabeled a container of methamphetamine. *See* AMI Crim.2d 6405. To sustain a charge of possession of methamphetamine with intent to deliver, the State must prove that the defendant possessed methamphetamine with the intent to transfer it to another person in exchange for money or anything of value. *See* AMI Crim.2d 6407. In *Cothren, supra,* this court held that possession of a controlled substance with intent to deliver is not a lesser-included offense of manufacturing a controlled substance:

> A conviction for manufacturing requires proof that the defendant produced, prepared, propagated, compounded, converted, or processed a controlled substance. Ark.Code Ann. § 5–64–101(m). Possession with intent to deliver requires no such proof. Ark.Code Ann. § 5–64–401. Furthermore, as stated above, a conviction for manufacturing does not require proof of intent to deliver, an element essential to a conviction for possession with intent to deliver. *Id.* Because the two offenses for which Mr. Cothren was convicted each require the proof of an element not common to the other, possession with intent to deliver is not a lesser-included offense of manufacturing a controlled substance. Ark. Code Ann. § 5–1–110.

344 Ark. at 707, 42 S.W.3d at 549.

Hall argues on appeal that to "manufacture" a controlled substance necessarily means that the substance is not for one's own use, because the definition of "manufacture" includes an exception for the preparation or compounding of a controlled substance by an individual for his or her own use. *See* Ark.Code Ann. § 5–64–101(16)(C). Thus, Hall asserts, the intent to deliver the controlled substance is a necessary element of manufacturing. Hall argues that this court's decision in *Cothren* was incorrect and that it unconstitutionally shifts the burden of proof by requiring the defendant to prove that he did not intend to deliver the methamphetamine.

In response, the State contends that Hall's trial counsel was not ineffective for failing to object to both convictions, because this court had already rejected this double-jeopardy argument in *Cothren*. The State also explains that Hall's burden-shifting argument is essentially irrelevant because it in no way explains how the *Cothren* decision was wrongly decided.

Again, we agree that trial counsel was not ineffective for failing to raise an argument that had already been clearly rejected by this court. Furthermore, Hall is simply incorrect in his argument that intent to deliver is a necessary element of manufacturing. We addressed this very point in *Cothren* and explained:

Based upon the language of the statute excepting the preparation or compounding of a controlled substance for an individual's own use, Mr. Cothren argues that the intent to deliver is a required element of manufacturing a controlled substance as defined by section 5–64–101(m). We disagree. In order to convict Mr. Cothren of the offense of manufacturing a controlled substance, the statute requires the State to prove that he was engaged in the production, preparation, propagation, compounding, conversion, or processing of a controlled substance. Ark.Code Ann. § 5–64–101(m). There is no requirement that the State prove additionally that Mr. Cothren intended to deliver the controlled substance, although Mr. Cothren was given the opportunity under the statute to assert as a defense to prosecution that he was not guilty of manufacturing a controlled substance because the methamphetamine was for his own use. *Id.*

344 Ark. at 706, 42 S.W.3d at 549. Thus, we hold that the circuit court did not err in finding no ineffective assistance of counsel on this point.

For their third point on appeal, appellants argue that their trial counsel was ineffective in failing to object to their convictions for possession of methamphetamine with intent to deliver because they were not charged with this offense below; instead, appellants argue, they were charged with possession of methamphetamine with intent to manufacture. The court's ruling below as to both appellants on this point is as follows:

In Ground Three, the petitioner alleges that trial counsel was ineffective for not objecting and preserving for appeal that the petitioner was convicted of possession of methamphetamine with intent to deliver but was charged with possession of methamphetamine with intent to manufacture. Both offenses are Class Y felonies, both carry the same statutory penalty, and the sentence imposed falls within the statutory range. The Defendant has failed to show that trial counsel was ineffective or how this alleged deficiency deprived him of a fair trial.

Both the court's ruling and appellants' argument, however, ignore the amendments to appellants' respective informations that were made at trial. As explained above, the State clarified prior to trial that it had intended to amend the informations to show a charge of possession of methamphetamine with intent to deliver, and appellants' counsel acknowledged his understanding that the "intent to manufacture" language in the amended informations was a typo. Hall's amended information was corrected by hand to show that he was charged with possession with intent to deliver, and the charge against Myers was later reduced to simple possession of methamphetamine. Therefore, Myers cannot complain on appeal that he was convicted of possession of methamphetamine with intent to deliver without being charged with that crime, because he was, in fact, not convicted of possession of methamphetamine with intent to deliver. And although Hall was convicted of possession of methamphetamine with intent to deliver, he cannot argue that he was not charged with this crime, because the amended information clearly shows that he was. Thus, we find no merit in appellants' argument on this point.

For their final point on appeal, appellants argue that their trial counsel was ineffective in failing to challenge the constitutionality and effect of the seventy-percent parole law that was applied in their case via a jury instruction. In short, the jury was instructed that if they sentenced appellants to a term of years on the

manufacturing-methamphetamine and possession-of-drug-paraphernalia-with-intent-to-manufacture-methamphetamine charges, appellants would be eligible for parole or transfer to community punishment supervision after they served seventy percent of the term of the sentence. *See* AMI Crim.2d 9404. On this point below, the circuit court simply found that appellants had failed to show that trial counsel was ineffective or how this alleged deficiency deprived them of a fair trial.

On appeal, appellants argue that Act 1782 of 2001 was an unconstitutional repeal of the sunset clause of the statutory provision that requires persons convicted of certain offenses to serve seventy percent of their sentence prior to being eligible for parole. *See* Ark.Code Ann. § 16–93–611 (Repl.2006) (repealed 2011). Specifically, appellants argue that Act 1782 violated article 5, § 23 of the Arkansas Constitution because the legislature could not determine the effect of the act from reviewing the text of the act alone. Appellants assert that because the attempted repealer of the sunset provision was unconstitutional and a nullity, the seventy-percent provision expired on April 30, 2002, and therefore the offenses committed by appellants, in May 2003, are not subject to that provision. Thus, appellants ask this court for a "declaration that they are entitled to normal parole eligibility."

In response, the State argues that appellants' request for a "declaration," instead of any relief from the judgment entered against them, shows that the circuit court did not err in rejecting this ineffective-assistance-of-counsel claim. The State reiterates the standard under *Strickland*, which is that appellants must show that the deficient performance of their counsel prejudiced their defense and that there is a reasonable probability that, but for counsels errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. The State contends that appellants' parole-eligibility dates are not a part of the proceedings at issue here, citing *State v. Rowe*, 374 Ark. 19, 285 S.W.3d 614 (2008) (explaining that a challenge to the constitutionality of Act 1782 was not a challenge to defendant's conviction or sentence but instead addressed the collateral issue of parole eligibility). The State asserts that appellants have failed to explain how their defense was prejudiced at trial due to the manner in which their parole eligibility would be calculated. According to the State, appellants can show no prejudice from the instruction given to the jury, and further, appellants' counsel relied on the seventy-percent rule in arguing to the jury for lesser sentences. Considering counsel's reliance on the seventy-percent rule in his argument, the State argues, it is likely that not challenging the rule was a strategic decision on counsel's part, which does not constitute a basis for finding ineffective assistance of counsel.

We hold that appellants have not met their burden under *Strickland* on this point. They have failed to demonstrate that their counsel was deficient or that, if counsel was deficient, there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt. The status of appellants' parole eligibility is simply immaterial to whether the decision reached by the jury would have been different absent the alleged errors, which is the standard under *Strickland*. We therefore affirm the denial of Rule 37 relief.

Affirmed.