2010 Ark. 404

**Sedric ANDERSON, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 08–1334.**

Supreme Court of Arkansas.

Oct. 28, 2010.

---

Teresa Bloodman, Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: Karen Virginia Wallace, Ass't Att'y Gen., for appellee.

PER CURIAM.

In 2005, appellant Sedric Anderson was found guilty by a jury of manufacturing a controlled substance, possession of drug paraphernalia with intent to manufacture a controlled substance, and two counts of possession of a substance used to manufacture a controlled substance with intent to deliver it. He was sentenced to serve a term of 120 months' imprisonment for manufacturing a controlled substance and fines totaling $100.00 were imposed for the other offenses. The Arkansas Court of Appeals affirmed. *Anderson v. State*, CACR 05–1132, 2007 WL 2782556 (Ark. App. Sept. 26, 2007) (unpublished). On October 31, 2007, the court of appeals denied by per curiam order a petition for rehearing. On January 17, 2008, this court denied by per curiam order a petition for review.

Appellant subsequently filed in the trial court a verified timely pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2010). The petition was denied the day after it was filed on the ground that the court had been informed that appellant was not in custody as required by Rule 37.1(a). After appellant filed a motion for reconsideration with proof of his incarceration, the order of

dismissal was set aside by the court. The court subsequently denied the petition without prejudice to filing within ten days an amended petition, on the ground that the allegations contained in the original petition were entirely conclusory in nature. Appellant timely filed an amended petition that was denied after a hearing. Appellant lodged an appeal here from that order. We find no error and affirm the order.

This court does not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous. *Watkins v. State*, 2010 Ark. 156, 362 S.W.3d 910 (per curiam); *Jamett v. State*, 2010 Ark. 28, 358 S.W.3d 874 (per curiam) (citing *Britt v. State*, 2009 Ark. 569, 349 S.W.3d 290 (per curiam)). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Polivka v. State*, 2010 Ark. 152, 362 S.W.3d 918; *Jamett*, 2010 Ark. 28, 358 S.W.3d 874 (per curiam); *Anderson v. State*, 2009 Ark. 493, 2009 WL 3235533 (per curiam); *Small v. State*, 371 Ark. 244, 264 S.W.3d 512 (2007) (per curiam). In making a determination on a claim of ineffectiveness of counsel, the totality of the evidence before the factfinder must be considered. *Smith v. State*, 2010 Ark. 137, 361 S.W.3d 840 (per curiam); *State v. Barrett*, 371 Ark. 91, 263 S.W.3d 542 (2007).

In an appeal from a trial court's denial of postconviction relief on a claim of ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence, under the standard set forth by the United States Su-

preme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Smith*, 2010 Ark. 137, 361 S.W.3d 840; *French v. State*, 2009 Ark. 443, 2009 WL 3047356 (per curiam); *Small*, 371 Ark. 244, 264 S.W.3d 512. Under the two-pronged *Strickland* test, a petitioner raising a claim of ineffective assistance must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Harrison v. State*, 371 Ark. 474, 268 S.W.3d 324 (2007); *Barrett*, 371 Ark. at 95–96, 263 S.W.3d at 546. In doing so, the claimant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Barrett*, 371 Ark. at 96, 263 S.W.3d at 546.

With respect to the second prong of the test, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he or she was deprived of a fair trial. *Jamett*, 2010 Ark. at 28, 358 S.W.3d 874; *Walker v. State*, 367 Ark. 523, 241 S.W.3d 734 (2006) (per curiam). Such a showing requires that the petitioner demonstrate a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Sparkman v. State*, 373 Ark. 45, 281 S.W.3d 277 (2008). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*

In his Rule 37.1 petition, appellant alleged that he was not afforded effective

assistance of counsel at trial.[1] To place the claims in context, testimony at trial reflected that a deputy was driving near a store, the B&L Quick Mart in Jonesboro, when he noticed the strong odor of chemicals typically used in the manufacture of methamphetamine. At the back of the store, the officer found a parked truck that was registered to appellant. Other officers located an air tank in the vicinity of appellant's truck. The tank, which smelled strongly of a chemical, had been converted with odd fittings and plastic pipe. There was testimony that the officers had seen similar air tanks that were converted to hold anhydrous ammonia, a chemical used in the production of methamphetamine. As the officers approached a padlocked shop building adjacent to the store, they noted an even stronger odor of anhydrous ammonia emanating from it. Several other officers arrived to investigate and permission was obtained from the owner of the store to cut the padlock on the shop. A methamphetamine lab was located inside. Assorted paraphernalia used in methamphetamine production was also found in the store to which appellant admitted having a key.

Some hours after the first officer had come to the scene, appellant emerged from the store. After he was advised of his right against self-incrimination, he admitted that he had secured a cover on a large bucket that contained substances undergoing chemical reactions in the early stages of methamphetamine production and poured out a bag of powder and put in lithium strips used in the process of manufacturing methamphetamine. He further answered questions concerning the point at which the chemical reaction was expected to stop, the color of the chemical reaction, and the number of ounces of methamphetamine expected to be derived from the process. He also said that he always wore rubber gloves and a mask during the manufacture of the drug. No one else was inside the store or shop when appellant emerged from the store.

On appeal from the denial of his Rule 37.1 petition, appellant first contends that the trial court erred in denying relief because the evidence at trial demonstrated that the store and shop were owned by William Tippett and E.B. Junior, not appellant, and that the evidence seized was only in appellant's constructive possession. He asserts that counsel could have subpoenaed information concerning the other two men's prior arrests and convictions and introduced it at trial to focus the jury's attention on those two men as the real drug manufacturers. He contends that the men could have been called by the defense to testify as to the reason appellant was at the store and the extent of his relationship with them. Appellant does not explain specifically what the men would have said as to the reason he was at the store or the nature of the relationship between them. Appellant makes much on appeal of the fact that he was not the owner of the property where the methamphetamine lab was found. He failed to demonstrate in the petitions for postconviction relief, however, that the mere fact that other persons may also have had culpability in the matter relieved him of culpability.

■ Considering the totality of the evidence that established that appellant ad-

---

1. Appellant raised a number of issues in the original and amended petitions filed in the trial court that are not raised in this appeal.

Claims raised below but not argued on appeal are considered abandoned. *State v. Grisby*, 370 Ark. 66, 257 S.W.3d 104 (2007).

mitted to taping up the bucket containing a chemical used to make methamphetamine, admitted to ┃₆handling drug paraphernalia, answered questions concerning the manufacturing process, and was found alone in the midst of drug paraphernalia while methamphetamine was being manufactured in an adjacent shop, whatever reason the men may have had for appellant's presence at the store would have been unlikely to produce a different outcome in the trial. As the court of appeals noted on direct appeal

> Neither exclusive nor physical possession is necessary to sustain a charge if the place where the offending substance is found is under the dominion and control of the accused. Put in other terms, the State need not prove that the accused had actual possession of a controlled substance; constructive possession is sufficient. Constructive possession can be implied where the contraband is found in a place immediately and exclusively accessible to the accused and subject to his control. (Citations omitted.)

┃ With respect to the men's prior arrests, bad acts, or convictions, appellant does not state under what legal precedent the character and conduct of the men would have been admissible at appellant's trial. He fell far short of establishing that there was some specific admissible evidence concerning the two men that counsel could have presented to the jury. Moreover, there was testimony concerning the close association of the men with appellant

and testimony that he was in possession of a key to the store. Under these circumstances, the decision of counsel not to paint the men in a negative light by revealing their nefarious backgrounds may well have been a matter of trial strategy on counsel's part. Where a decision by counsel was a matter of trial tactics or strategy, and that decision is supported by reasonable professional judgment, then such a decision is not a proper basis for relief under Rule 37.1. *Smith*, 2010 Ark. 137, 361 S.W.3d 840; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam); *Johnson v. State*, 2009 Ark. 460, 344 S.W.3d 74 (per curiam).

┃ ┃₇Appellant next argues that counsel was remiss in not securing an analysis of fingerprints on the components used to make the methamphetamine. He contends that such an analysis would have exonerated him or put into question whether he had contact with the components.[2] Counsel testified at the Rule 37.1 hearing that he discussed with appellant whether to have items at the crime scene examined for fingerprints and was informed by appellant that appellant's fingerprints would be on a duffel bag containing drug paraphernalia, other drug paraphernalia in the store and shop, and duct tape that appellant had placed on a generator at the scene. In view of what he learned from appellant, counsel opted to forego fingerprint analysis by the defense. Instead, he elected to query the prosecution witnesses on whether fingerprint analysis had been conducted by the State in hopes that the jury would be

---

**2.** As part of the claim, appellant states that the unprofessional errors of the trial attorney were compounded by the fact that "neither audio nor video was presented at the hearing or requested by [trial attorney] which could have exonerated the defendant." Without further explanation, it is not possible to know

the nature of the audio or video or at what hearing it is alleged that it should have been introduced. Claims that are not substantiated by facts do not warrant postconviction relief. *Joiner v. State*, 2010 Ark. 309, 2010 WL 2539761 (per curiam).

swayed by the State's failure to produce definitive fingerprint evidence linking appellant to the crimes. Appellant did not establish that counsel was ineffective by virtue of his decision not to have fingerprint analysis conducted.

■ Appellant also alleges that his girlfriend, Renee Tackett, and his mother, Martha Anderson, should have been interviewed by counsel and subpoenaed by counsel to testify that he was only at the store for a brief period of time on the night he was arrested, that he only went there to "cool off" after an argument with Tackett, and that he was on the telephone with one or both of the women throughout the evening. In short, he asserts that the women could have shown that his activities that evening were devoted to matters other than manufacturing methamphetamine. Counsel testified at the Rule 37.1 evidentiary hearing that he spoke with both women before trial and had represented Ms. Anderson several times when she was charged with criminal offenses. Counsel said that he did not think it provident to put appellant's mother on the stand as her criminal history would have been revealed to the jury.

Even if it could be assumed that the two women would have offered testimony about the argument between Tackett and appellant and the telephone calls he made to them in the course of the evening, it does not follow that the testimony would have negated the evidence that linked him to the manufacture of methamphetamine on that evening. We cannot say that the trial court erred in concluding that the women's testimony would not have been sufficient to raise the probability that the outcome of the trial would have been different.

■ Appellant next argues that he was denied a fair and impartial jury be-cause counsel failed to object to the seating of one of the jurors who was related to the trial judge. Jurors are presumed unbiased. *Gwathney v. State,* 2009 Ark. 544, —— S.W.3d ——, 2009 WL 3672910. The burden was accordingly on appellant to establish actual bias on the part of the juror at issue. *See Howard v. State,* 367 Ark. 18, 238 S.W.3d 24 (2006). Appellant made no specific mention of the juror in the original Rule 37.1 petition. The allegation in the amended petition concerning the juror read in its entirety:

> Upon discovering that a juror was related to the Judge, Trial Counsel failed to make a motion for mistrial on the record. Due to the fact that this issue was discussed off the record, Petitioner is precluded from raising this issue on appeal.

The record on direct appeal reflects that juror Tammy Crawford came forward and informed the court that she wished to elaborate on an answer she had given in voir dire. She explained in a bench conference that, while she did not know the judge, he and she were first cousins. Defense counsel questioned Ms. Crawford at length on whether she could conduct herself as an unbiased juror, and appellant presented no facts in the Rule 37.1 petitions to establish actual bias on the part of the juror. As the claim of bias was unsubstantiated, the allegation was not sufficient to demonstrate that there was a basis for a peremptory challenge to the seating of the juror or a motion for mistrial. Counsel is presumed effective, and allegations without factual substantiation are insufficient to overcome that presumption. *Joiner,* 2010 Ark. 309, 2010 Ark. 309; *Nelson v. State,* 344 Ark. 407, 39 S.W.3d 791 (2001) (per curiam); *see also Barrett,* 371 Ark. at 96, 263 S.W.3d at 546. Conclusory assertions

of error cannot be the basis of postconviction relief. *Jackson v. State*, 352 Ark. 359, 105 S.W.3d 352 (2003).

Appellant states in his brief that he "was never informed how the trial process would be conducted." As there is no explanation of the statement to suggest that appellant was prejudiced by any specific conduct by counsel, the claim did not merit a finding that counsel was ineffective.

In his reply brief, appellant concedes that there was not one particular error or shortcoming of trial counsel sufficient to warrant a finding of ineffective assistance of counsel. He urges this court to look at the totality of the circumstances and evidence to determine whether he was deprived of effective counsel. The mere fact that a petitioner alleges numerous errors on the part of counsel does not add up to a showing of incompetence of counsel under the *Strickland* standard. *Weatherford v. State*, 363 Ark. 579, 215 S.W.3d 642 (2005). Where a petitioner alleges many instances of ineffective assistance of counsel, at least one error standing alone must meet the standard of *Strickland* for the defendant to be successful. *Robertson v. State*, 2010 Ark. 300, 367 S.W.3d 538 (per curiam). This court does not recognize an ineffective assistance of counsel claim based on the cumulative effect of counsel's alleged errors. *Id.; Echols v. State*, 354 Ark. 530, 127 S.W.3d 486 (2003); *Huddleston v. State*, 339 Ark. 266, 5 S.W.3d 46 (1999).

Affirmed.