2011 Ark. 284

**Lee A. CROY, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 09–632.**

Supreme Court of Arkansas.

June 23, 2011.

Knutson Law Firm, Little Rock, by: Gregg A. Knutson, for appellant.

Dustin McDaniel, Att'y Gen., by: Nicana C. Sherman, Ass't Att'y Gen., for appellee.

PER CURIAM.

|₁Lee A. Croy appeals the denial of his petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2011). Because there was no clear error in the trial court's findings that trial counsel was not ineffective, we affirm the denial of postconviction relief.

In 2006, a jury imposed an aggregate sentence of 360 months' imprisonment after finding appellant guilty of two counts of first-degree sexual assault. The Arkansas Court of Appeals affirmed. *Croy v. State*, CACR 06–1039, 2007 WL 3172144 (Ark.App. Oct. 31, 2007) (unpublished).

The facts at trial showed that appellant had developed a relationship with the victim, a teenaged boy, during the child's freshman year at the high school where appellant was a security guard. The victim also spent time with appellant in out-of-school activities, such as a haunted house for Halloween. The victim would

work with appellant's pit crew and on the cars that appellant raced, and the boy would go with appellant to his job as a volunteer fire fighter. The victim testified that, at a point in the relationship, appellant began to touch him inappropriately and that the touching progressed to oral sex and attempts at anal sex. The boy testified that his relationship with his parents deteriorated during this time and that appellant tried to alienate him from them. Eventually, the victim told his mother that he did not want to see appellant anymore, and she then talked to appellant and asked on the child's behalf that he stop all contact with the boy.

The State bolstered the victim's testimony under Arkansas Rule of Evidence 404(b) (2011) with testimony admitted from three men who had similar relationships and experiences with appellant when they were teenagers. Each of the witnesses had spent time with appellant in activities similar to, or the same as, those shared by appellant and the victim. Each had experienced appellant initiating inappropriate contact that developed into regular sexual activity, and each testified that appellant had tried to turn him against his family and other friends.

Following his conviction and appeal, appellant, through counsel, timely filed in the trial court a verified Rule 37.1 petition. The court held a hearing and provided an order with written findings of fact that denied relief. For his points on appeal, appellant contends that the trial court erred in finding that trial counsel was not ineffective on four alleged bases.

This court does not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous. *Payton v. State*, 2011 Ark. 217, 2011 WL 1805340 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

In making a determination on a claim of ineffective assistance of counsel, this court considers the totality of the evidence. *Anderson v. State*, 2010 Ark. 404, 373 S.W.3d 876 (per curiam). Our standard of review requires that we assess the effectiveness of counsel under the two-prong standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Shipman v. State*, 2010 Ark. 499, 2010 WL 5185781 (per curiam). Under the *Strickland* test, a petitioner raising a claim of ineffective assistance must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Id.* A defendant making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Miller v. State*, 2011 Ark. 114, 2011 WL 913206 (per curiam).

In order to meet the second prong of the test, the petitioner must show that counsel's deficient performance prejudiced petitioner's defense to such an extent that he was deprived of a fair trial. *Carter v. State*, 2011 Ark. 226, 2011 WL 1896765 (per curiam). A claimant must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Mingboupha v. State*, 2011 Ark. 219, 2011 WL 1805339 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*

In appellant's first point, he contends that trial counsel was ineffective for failing to adequately investigate or take proper

photographs of a skin tag near appellant's genitalia, or inquire of the witnesses about the skin tag. At trial, appellant testified that he had a large skin tag next to his testicles on the left side. The trial court admitted into evidence a photograph that appellant had taken of himself that showed the skin tag hanging down between his legs. Counsel pointed out in closing argument that none of the witnesses had mentioned such a distinctive feature in testifying about the sexual acts. Counsel did not ask the victim or any witness if appellant had a distinguishing feature or if there was anything remarkable in his appearance when undressed.

At the hearing on the Rule 37.1 petition, counsel testified that appellant only told him of the skin tag shortly before trial and that he would have had a doctor testify and would have taken better pictures if he had been given more time to prepare. Appellant countered with testimony that he had told counsel well in advance of the trial. Counsel further testified that he had decided not to ask the witnesses questions because he did not know what answers they might give. He indicated that he followed his chosen trial strategy in waiting to bring out the existence of the skin tag until appellant's testimony and arguing in closing that the witnesses would have mentioned such a distinctive feature if they had actually had oral sex with appellant. Appellant contended that any defense was dependent on effectively challenging the credibility of the victim and the Rule 404(b) witnesses and that counsel's failure to obtain a sufficiently clear photo or question those witnesses about the skin tag was fatal to that defense.

The trial court found that counsel had made a strategic decision not to question the witnesses about the skin tag, that counsel was not ineffective for using the photo introduced into evidence, and that appellant had failed to demonstrate prejudice in that he did not show that the outcome of the trial would have been different if a different photograph had been used. Those findings are not clearly erroneous.

Where a decision by counsel was a matter of trial tactics or strategy, and that decision is supported by reasonable professional judgment, then counsel's decision is not a basis for relief under Rule 37.1. *Kelley v. State*, 2011 Ark. 175, 2011 WL 1522527 (per curiam); *Anderson*, 2010 Ark. 404, 373 S.W.3d 876. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and a claimant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Kelley*, 2011 Ark. 175 (citing *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam)). Counsel testified that he consciously decided to present the evidence concerning the skin tag later. He sought to deprive the prosecution of any opportunity to rehabilitate the witness testimony from what could be construed as significant omissions. Counsel's testimony was that he had concern that the witnesses might have had some knowledge of the growth and given detrimental answers.[1]

1. Appellant appeared to assume that counsel should ask the questions of the witnesses if he believed in appellant's innocence. An attorney is obligated to represent his client zealously regardless of his own reservations in that regard. Moreover, counsel's concern that the witnesses might have some knowledge of this distinctive feature of appellant's genital area was not unfounded. It was undisputed that the witnesses each had a close relationship with appellant that included camping and other activities that may have

Counsel's actions here fell well within the broad range of conduct that a reasonable professional might choose.

Concerning the photograph and the alleged failure to investigate and prepare, we agree that appellant did not show a reasonable probability that, had counsel prepared as appellant alleged that he should have, the outcome would have been different. Appellant argues that counsel conceded that there was a possibility that the photo might have produced a different result. Appellant's burden was to demonstrate, however, that there was a reasonable probability that the jury's verdict would have been different, not that there was a mere possibility of a different result. Without question, the exhibit introduced at the hearing on the Rule 37.1 petition demonstrated that counsel could have obtained a photograph that was better in showing the exact placement and proximity of the skin tag to appellant's penis. The photograph that was actually introduced at trial, however, was sufficient for the intended purpose. While somewhat less dramatic, the original photograph nevertheless showed a growth that was sufficiently prominent for the jury to conclude that it would be seen by anyone who observed appellant's genitals and would have been a distinctive feature of appellant's anatomy.

In appellant's next point, he asserts error in the trial court's failing to find counsel was ineffective because he did not investigate or present additional character witnesses. On appeal, appellant contends that counsel did not make a reasoned, strategic decision to call the witnesses pre-

sented instead of others that may have been available. He asserts that he was prejudiced because he received the maximum sentence and the witnesses would have been helpful in the sentencing phase.[2]

The burden is entirely on the petitioner in a Rule 37.1 proceeding to provide facts that affirmatively support the claims of prejudice. *Payton,* 2011 Ark. 217. It is incumbent on the petitioner who claims ineffective assistance based on failure to call a witness to name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. *Shipman,* 2010 Ark. 499 (citing *Smith v. State,* 2010 Ark. 137, 361 S.W.3d 840 (per curiam)). Although appellant named a number of witnesses not called and provided some summary of the potential testimony, he did not present those witnesses at the hearing on the Rule 37.1 petition. Because counsel did call a number of character witnesses at trial, appellant failed to demonstrate that these other potential witnesses would have provided more compelling testimony that could have affected the outcome of the trial, either as to the verdict or the sentencing.

Under the circumstances here, we cannot say that the trial court clearly erred in finding that appellant did not demonstrate prejudice concerning these potential witnesses. The fact that there was a witness or witnesses who could have offered testimony beneficial to the defense is not, itself, proof of counsel's ineffectiveness. *Smith,* 2010 Ark. 137, 361 S.W.3d

presented opportunities for the boys to have seen appellant nude, regardless of his innocence.

2. Appellant in this point on appeal also references a photograph of appellant with the son of one of the Rule 404(b) witnesses. It is not clear how this photograph is relevant to the

failure to call character witnesses, and the court failed to provide any ruling concerning the photograph as a separate issue. *See Reed v. State,* 2011 Ark. 115, 2011 WL 913208 (per curiam) (failure to obtain a ruling precludes our review of that argument on appeal).

840. Even if counsel failed to make a strategic decision not to call a witness, it was nevertheless incumbent on appellant to show that such an error denied him a fair trial. *See id.*

■ Next, appellant contends that counsel was ineffective for failing to preserve the argument that the Rule 404(b) witness testimony should have been excluded under Arkansas |₈Rule of Evidence 403. In order to demonstrate prejudice for a claim that counsel was ineffective for failing to preserve an argument for appeal, a claimant must necessarily show that the argument would have been successful. Trial counsel cannot be ineffective for failing to make an objection or argument that is without merit. *Mitchem v. State,* 2011 Ark. 148, 2011 WL 1319579 (per curiam). Here, appellant did not demonstrate that counsel could have successfully challenged the admission of the evidence.

In its opinion on direct appeal, the court of appeals addressed the issue of whether the testimony about the other relationships was too remote in time to be admissible and rejected that argument. *Croy,* CACR 06–1039, slip op. at 4–5. Because appellant's argument related to Rule 403, and the weighing of probative value against prejudice under the rule was not preserved, the court of appeals did not address that argument. *Id.,* slip op. at 4. The holding by the court of appeals that the testimony was not so remote as to require its exclusion settles that issue under the law-of-the-case doctrine, although the issue of application of Rule 403 was not adjudicated on appeal. *See Smith v. State,* 2010 Ark. 137, 361 S.W.3d 840 (per curiam); *Howard v. State,* 367 Ark. 18, 238 S.W.3d 24 (2006).

■ The balancing mandated by Rule 403 is a matter left to a trial court's sound discretion, and an appellate court will not reverse the trial court's ruling absent a showing of manifest abuse. *Bryant v. State,* 2010 Ark. 7, 377 S.W.3d 152. This court has noted that evidence offered by the State is often likely to be prejudicial to the accused, but the evidence should not be excluded unless the accused can show that it lacks probative value in view of the risk |₉of unfair prejudice. *Eubanks v. State,* 2009 Ark. 170, 303 S.W.3d 450. As the court of appeals noted in its opinion, there were striking similarities in the testimony of the boys. *Croy,* CACR 06–1039, slip op. at 4. The evidence in this case was highly probative, and appellant failed to show that counsel could have prevailed on appeal if the argument had been preserved.

Appellant's final point on appeal alleges that counsel was ineffective for failing to obtain the prosecution's notes on interviews with two defense witnesses.[3] More specifically, appellant asserted that counsel should have discovered what was in the notes and proffered the notes into evidence. Appellant contended that, had counsel proffered the notes, the court of appeals would have reached an issue raised on appeal that asserted that the State's failure to disclose the notes prior to trial was a violation of the requirements of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Appellant, however, failed to carry his burden, under those circumstances present in this case, to demonstrate either error by counsel or the requisite prejudice.

Appellant complains that the trial court did not require the State to produce the notes at the hearing on the Rule 37.1

---

**3.** At the hearing on appellant's Rule 37.1 petition, the State indicated that there were notes concerning only one of the two witnesses. A statement by the other witness was introduced into evidence during trial, but that statement does not appear to be at issue.

petition. He asserts that the notes may have contained exculpatory information, but that, without the notes, counsel had no way of knowing if that was so. Appellant alleges that counsel was ineffective because he declined an opportunity to review the notes.

This court has held that Rule 37 does not provide for the discovery of evidence. *Cook v. State*, 361 Ark. 91, 204 S.W.3d 532 (2005) (per curiam) (citing *Weaver v. State*, 339 Ark. 97, 103, 3 S.W.3d 323, 328 (1999)). To the extent that appellant asserted that the notes might have contained *suppressed* exculpatory evidence, he provided no factual basis in support of his claim that the notes were necessary to show prejudice.

The holding by the court of appeals that appellant failed to establish a *Brady* violation was not based solely on the fact that counsel did not make a proffer to show that the notes contained exculpatory evidence. The court of appeals also held that any exculpatory evidence was not suppressed because the witnesses were called as defense witnesses and that appellant failed to show that he was prejudiced because he had an opportunity to interview the witnesses. Clearly, there was some exculpatory evidence available from the witnesses that may have been included in the prosecution's notes on its interviews with the witnesses. Defense counsel interviewed the two witnesses before trial, knew how they intended to testify at trial, and presented both as witnesses who testified to their experiences with the defendant that did not involve inappropriate advances. Some exculpatory evidence that may have been included in the notes clearly was not suppressed.

When counsel was asked what possible use could have been made of the notes, his response was that he thought that he was entitled to look at the notes to see what statements were made that might be used for impeachment. Unlike evidence that may be used to impeach a witness giving incriminating testimony, evidence that the prosecutor might use for impeachment of a defense witness concerning testimony that is exculpatory is not favorable to the defense. A demonstration that the evidence withheld was favorable to the defense is required to demonstrate one of the necessary components of a *Brady* violation. *See Lacy v. State*, 2010 Ark. 388, 377 S.W.3d 227. Appellant did not provide facts that affirmatively supported his claims of an unchallenged *Brady* violation because he did not demonstrate that the notes might have contained favorable, suppressed evidence. The exculpatory evidence that was favorable to the defense was not suppressed.

We are cognizant that, where an allegation of ineffective assistance involves a *Brady* violation and the failure of counsel to preserve the issue is combined with the prosecution's failure to provide proper discovery, the question of prejudice becomes more complicated. *See State v. Brown*, 2009 Ark. 202, 307 S.W.3d 587. Unlike the situation in *Brown*, however, the issue of error by counsel was not conceded here. Under the circumstances of this case, there was no apparent error by counsel because appellant did not demonstrate that the prosecution's failure to provide the notes to counsel was improper.

The trial court did not clearly err in determining that counsel was not ineffective. Accordingly, we affirm the denial of postconviction relief.

Affirmed.