2011 Ark. 418

**Jose Luis FERNANDEZ, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 10–1135.**

Supreme Court of Arkansas.

Oct. 6, 2011.

Jose Luis Fernandez, pro se appellant.

Dustin McDaniel, Att'y Gen., by: Laura Shue, Ass't Att'y Gen., for appellee.

PER CURIAM.

This court granted a pro se motion for belated appeal that allowed appellant Jose Luis Fernandez to lodge an appeal of the denial of his petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2011), because the trial court had failed to provide the required notice to appellant of entry of the order. *Fernandez v. State*, 2011 Ark. 17, 2011 WL 291953 (per curiam). Appellant has now filed a motion to file a belated reply brief. We do not consider the merits of the motion, however, because it is clear that appellant's petition for postconviction relief was without merit.

A jury imposed a life sentence for appellant's conviction on one count of rape. On appeal, this court affirmed the judgment. *Fernandez v. State*, 2010 Ark. 148, 362 S.W.3d 905. Appellant then filed a timely petition under Rule 37.1 that was denied without a hearing. Because the record now before us demonstrates that the petition was wholly without merit, we affirm the denial of postconviction relief. *See Gonder v. State*, 2011 Ark. 248, 382 S.W.3d 674 (per curiam) (noting that this court will affirm the denial of a Rule 37.1 petition even though the circuit judge failed to make written findings, if it can be determined from the record that the petition is wholly without merit or where the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted); *see also Camacho v. State*, 2011 Ark. 235, 2011 WL 2062328 (per curiam); *Davenport v. State*, 2011 Ark. 105, 2011 WL 835180 (per curiam). An appeal from an order that denied a petition for a postconviction remedy will not be permitted to go forward where it is clear that the appellant could not prevail. *Croft v. State*, 2010 Ark. 83, 2010 WL 569744 (per curiam); *Crain v. State*, 2009 Ark. 512, 2009 WL 3400645 (per curiam). We therefore dismiss the appeal and appellant's motion is moot.

Appellant's petition raised a number of claims of ineffective assistance of counsel as the basis for relief. In making a determination on a claim of ineffective assistance of counsel, this court considers the totality of the evidence. *Anderson v. State*, 2010 Ark. 404, 373 S.W.3d 876 (per curiam).

Our standard of review requires that we assess the effectiveness of counsel under the two-prong standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Croy v. State*, 2011 Ark. 284, 383 S.W.3d 367 (per curiam). Under the *Strickland* test, a petitioner raising a claim of ineffective assistance must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Id.* A defendant making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness.

*Miller v. State*, 2011 Ark. 114, 2011 WL 913206 (per curiam).

■ In addition, in order to meet the second prong of the test, the petitioner must show that counsel's deficient performance prejudiced petitioner's defense so that he was deprived of a fair trial. *Id.; see also Mitchem v. State*, 2011 Ark. 148, 2011 WL 1319579 (per curiam). A claimant must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Delamar v. State*, 2011 Ark. 87, 2011 WL 693579 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*

■ There is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and the burden is entirely on the claimant to provide facts that affirmatively support his claims of prejudice. *Shipman v. State*, 2010 Ark. 499, 2010 WL 5185781 (per curiam). Neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption and cannot provide a basis of postconviction relief. *Id.* General assertions that counsel did not aggressively prepare for trial are not sufficient to establish an ineffective-assistance-of-counsel claim. *Id.* (citing *Goldsmith v. State*, 2010 Ark. 158, 2010 WL 1253187 (per curiam)).

In the case at hand, appellant made only general assertions that did not provide sufficient factual substantiation for his claims of prejudice. Appellant made two claims of ineffective assistance of counsel: counsel failed to investigate information provided to him, and counsel failed to consult with or call an expert witness.

■ To the limited extent that the petition identified any specific evidence that may have been discovered through further investigation, that specific evidence was not evidence that would have been admissible or that was likely to have changed the outcome of the proceedings, except by way of impermissible prejudice. *See Anderson*, 2010 Ark. 404, 373 S.W.3d 876 (petitioner was required to show that counsel could have presented specific admissible evidence to the jury); *see also Clarks v. State*, 2011 Ark. 296, 2011 WL 3136042 (per curiam) (successful allegations of ineffective assistance in regard to a failure to present witness testimony must establish that the testimony would have been admissible). For a claim of ineffective assistance based on failure to investigate, a petitioner must describe how a more searching pretrial investigation would have changed the results of his trial. *Wormley v. State*, 2011 Ark. 107, 2011 WL 835140 (per curiam) (citing *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam)).

■ In his claim of ineffective assistance for failure to investigate, appellant alleged that, had counsel performed sufficient investigation, he would have discovered evidence to challenge the victim's "inabilities," evidence of the victim's prior sexual acts with other men of which her custodians were aware, evidence of the victim's sexual advances toward appellant, and dried seminal fluid from appellant's previous sexual encounter with his wife on a seat where the victim sat unclothed. The victim's prior sexual encounters and any advances toward appellant had no relevance to the proceedings because the basis for the rape charge was Arkansas Code Annotated section 5–14–103(a)(2)(B) or (C) (Repl.2006 & Supp.2009). Under that provision of the statute, the victim by definition was incapable of consent due to a mental defect or incapacitation. Evidence intended to show a lack of consent would

not be admissible, because it was not relevant.

■ As for the remaining allegations that counsel did not adequately investigate prior to trial, appellant failed to identify any specific potential evidence that counsel would have discovered if an adequate investigation had been undertaken. Appellant did not identify any evidence that counsel might have used to contest evidence that had been presented by the victim's mother and teacher concerning her mental deficiencies. The teacher testified that the victim was enrolled in self-contained, functional classes. She indicated that the victim had "pretty significant cognitive deficits" and an IQ that was probably 60 or less, and she described some of the victim's limitations. The teacher further described the victim as unable to ever live independently. The teacher recounted that the victim could copy words, but that she could not make a grocery list or form a sentence; that she could not do math even with a calculator; and that she was unable to give the time of day, the day of the week, or the month without assistance. Although the State indicated at a pretrial hearing that a mental evaluation of the victim had been conducted, appellant provided no information from that report that would have contradicted the evidence presented of the victim's mental defect or incapacitation. Nor did he point to any other discoverable evidence that counsel could have used to contradict the evidence presented at trial.

■ Appellant asserted in the petition that counsel could have discovered evidence of dried seminal fluid that would have supported his contention that the DNA found on the swabs was transferred to the victim from the seat in the van where he and his wife had had sex before the victim sat there in the nude. The nurse who took the anal swab that contained male, gender-specific DNA, which did not exclude appellant as a contributor, testified that she was trained to perform rape-kit examinations and experienced in the procedure. She stated that the swab was taken from inside the rectum, not outside. The jury found that testimony credible because the verdict was rape and not a lesser-included offense that did not require penetration. Appellant failed to demonstrate that a more searching investigation would have changed the results of his trial.

■ Appellant's last claim of ineffective assistance of counsel alleged that counsel failed to consult with or call an expert witness to testify. It is incumbent on the petitioner who claims ineffective assistance based on failure to call a witness to name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. *Shipman*, 2010 Ark. 499, 2010 WL 5185781. In order to demonstrate prejudice, appellant was required to establish that there was a reasonable probability that, had counsel performed further investigation and presented the witness, the outcome of the trial would have been different. *See Carter v. State*, 2010 Ark. 231, 364 S.W.3d 46. Appellant provided no more than conclusory statements in that regard.

■ In the petition, appellant alleged that his attorney should have consulted with an expert about the DNA sample to present testimony on how the DNA might have been contaminated by DNA that was on the victim's buttocks. Appellant did not, however, identify any expert or summarize the testimony that the expert would have provided if counsel had undertaken the additional investigation. He did not provide any factual substantiation in support of his allegation that an expert

would, in fact, be able to provide testimony indicating that the anal swab was not properly collected or, even if properly collected, may have been contaminated. In order to overcome the presumption that counsel was competent, appellant was required to provide a demonstration of specific relevant evidence that would have been uncovered in order to meet his burden to show prejudice. *See* ⌊7*Bell v. State*, 2010 Ark. 65, 360 S.W.3d 98 (per curiam). Appellant was required to plead facts in his petition to show that counsel could have discovered a witness to testify as he alleged in order to demonstrate prejudice.

Because none of the claims raised in appellant's petition had merit, the trial court did not err in denying relief without a hearing, and appellant could not prevail on appeal. We accordingly dismiss the appeal, and the motion is moot.

Appeal dismissed; motion moot.