SLIP OPINION  Cite as 2013 Ark. 375

# SUPREME COURT OF ARKANSAS

No. CR-12-240

| | | |
|---|---|---|
| AKIN O. WILLIAMS | | **Opinion Delivered** October 3, 2013 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE HEMPSTEAD COUNTY CIRCUIT COURT, 29CR-10-32, HON. WM. RANDAL WRIGHT, JUDGE |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | AFFIRMED. |

## PER CURIAM

In 2010, appellant Akin O. Williams was found guilty by a jury of rape and sentenced to a term of 720 months' imprisonment. The Arkansas Court of Appeals affirmed. *Williams v. State*, 2011 Ark. App. 675.

Appellant subsequently filed in the trial court a timely, verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2010). The petition was denied, and appellant brings this appeal. Our jurisdiction is pursuant to Rule 37 and Arkansas Supreme Court Rule 1-2(a)(8) (2012).

This court has held that it will reverse the circuit court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Pankau v. State*, 2013 Ark. 162; *Banks v. State*, 2013 Ark. 147. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694.

In his petition under the Rule, appellant raised several grounds for postconviction relief.

SLIP OPINION

On appeal, however, he limits his argument to one allegation of ineffective assistance of counsel. Accordingly, the grounds raised below but not raised on appeal are considered to be abandoned. *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824 (per curiam).

Appellant contends on appeal that his attorney was ineffective in that counsel failed to object to the chain of custody of vaginal swabs that were a part of the biological evidence obtained in a medical examination of the victim. The issue of the swabs was not raised in the Rule 37.1 petition and, therefore, the trial court could not have considered the claim and rendered a decision concerning it. For that reason, the argument will not be addressed by this court on appeal. Issues raised for the first time on appeal are not grounds to reverse a trial court's order. *Hogan v. State*, 2013 Ark. 223 (per curiam); *Tornavacca v. State*, 2012 Ark. 224 , ___ S.W.3d ___.

In arguing the chain-of-custody claim, appellant appears to also be arguing that the evidence adduced at trial was insufficient to sustain the judgment, which was an issue raised in the Rule 37.1 petition. To the extent that the claim was intended to challenge the sufficiency of the evidence, we have repeatedly held that Rule 37.1 does not provide a means to attack the weight of the evidence to support the conviction. *Norris v. State*, 2013 Ark. 205, ___ S.W.3d ___ (per curiam); *Pride v. State*, 285 Ark. 89, 684 S.W.2d 819 (1985) (per curiam).

Affirmed.

*Akin O. Williams*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.