
# SUPREME COURT OF ARKANSAS

### No. CR-09-315

| | | |
|---|---|---|
| ARMON HOUSTON | | **Opinion Delivered** October 3, 2013 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE PULASKI |
| V. | | COUNTY CIRCUIT COURT, 60CR-05- |
| | | 2702, HON. HERBERT T. WRIGHT, JR., |
| STATE OF ARKANSAS | | JUDGE |
| | APPELLEE | |
| | | REVERSED AND REMANDED. |

## PER CURIAM

Appellant Armon Houston was convicted of first-degree murder in the shooting death of Melvin Lunnie and sentenced to 480 months' imprisonment. The Arkansas Court of Appeals affirmed the judgment. *Houston v. State*, CACR-06-1043 (Ark. App. Jun. 13, 2007) (unpublished). Appellant filed a petition for relief under Arkansas Rule of Criminal Procedure 37.1 (2007). He now appeals the denial of that petition.

Appellant raises three points on appeal. In the first, he asserts error in the trial court's failure at the hearing on the Rule 37.1 petition to admit into evidence a proffered tape of an interview with a witness. In the remaining two points, appellant contends that trial counsel was ineffective for failing to adequately investigate a defense casting blame for the murder on another person, Corey Bealer, and for failing to have tested a gun discovered in Bealer's possession months after the murder.[1] Because we hold that there was error in the trial court's

---

[1] The issues that appellant raises in these two points are often repetitive, not well delineated, and intertwined. The State has addressed some additional claims in its brief, but these are the only two issues set out in these two points for which appellant received a ruling. We accordingly limit our review to these two issues, and we do not address the claims for which

findings as to appellant's claim of ineffective assistance of counsel for failing to have the gun tested, we need not address the first two points.

Under the general standard of review for an order that denies postconviction relief, the court does not reverse unless the trial court's findings are clearly erroneous. *See Davis v. State*, 2013 Ark. 118 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Banks v. State*, 2013 Ark. 147 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). A defendant making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Hennington v. State*, 2012 Ark. 181, 403 S.W.3d 55; *Miller v. State*, 2011 Ark. 114 (per curiam). In order to meet the second prong of the test, a claimant must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Delamar v. State*, 2011 Ark. 87 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*

In making a determination on a claim of ineffective assistance of counsel, this court considers the totality of the evidence. *Anderson v. State*, 2010 Ark. 404, 373 S.W.3d 876 (per

---

the court did not provide a ruling. *See Norris v. State*, 2013 Ark. 205, ___ S.W.3d ___ (per curiam) (holding that failure to obtain a ruling on an issue, including a constitutional issue, precludes review on appeal).

SLIP OPINION

curiam). This court indulges in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *White v. State*, 2013 Ark. 171, ___ S.W.3d ___. The defendant claiming ineffective assistance of counsel has the burden of overcoming that presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id.* A claimant must satisfy both prongs of the *Strickland* test, and it is not necessary to address both prongs if petitioner fails on one. *Thompson v. State*, 2013 Ark. 179 (per curiam). For claims such as this one, based on a failure to investigate, a petitioner must demonstrate how a more searching pretrial investigation would have changed the results of his trial. *Fernandez v. State*, 2011 Ark. 418, 384 S.W.3d 520 (per curiam).

Appellant's second ineffective-assistance claim concerned trial counsel's failing to have tested a gun that was found in Bealer's possession six months after the murder. Trial counsel testified at the hearing on the Rule 37.1 petition that he had decided not to have the gun found on Bealer tested prior to a pretrial hearing. The pretrial hearing concerned a motion in limine by the State to exclude evidence of third-party culpability, including evidence that Bealer was found in possession of a weapon of the same type as the murder weapon. No gun had been introduced into evidence at trial as the murder weapon.

Counsel testified at the Rule 37.1 hearing that he made the decision not to have testing done because he was concerned that, if the test results were negative, he could not argue that Bealer was the killer. He further testified that he did not want to jeopardize what he saw as a strong defense case with potentially negative results from testing the weapon. The court ruled

in the State's favor on the motion in limine because the gun was not directly linked to the murder.

At the hearing on the Rule 37.1 petition, a firearms expert testified that, prior to the Rule 37.1 hearing, he had conducted tests on the gun. His testimony was that the tests indicated that cartridge casings recovered from the murder scene had been fired from the weapon that had been taken from Bealer. Appellant contended in his Rule 37.1 petition that, if trial counsel had the gun tested prior to the pretrial hearing, he would have been able to establish a direct connection between Bealer and the murder weapon and that the State's motion to exclude third-party culpability evidence would not have been granted.

The trial court found that counsel's decision not to have the gun tested was reasonable, even though the motion to exclude the evidence of the gun at trial was successful. The court found that, because counsel had made a reasonable strategic decision, counsel was not ineffective. Where a decision by counsel was a matter of trial tactics or strategy, and that decision is supported by reasonable professional judgment, then counsel's decision is not a basis for relief under Rule 37.1. *Adams*, 2013 Ark. 174, ___ S.W.3d ___.

Judicial review of counsel's performance must be highly deferential, and a fair assessment of counsel's performance under *Strickland* requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from counsel's perspective at the time. *Carter v. State*, 2010 Ark. 231, 364 S.W.3d 46 (per curiam). Counsel testified at the hearing on the Rule 37.1 petition that he chose not to test the gun because a negative result from the test would have effectively prohibited him

SLIP OPINION

from ethically trying to portray Bealer as the possible murderer and because he did not want to jeopardize what he saw as a strong case for the defense. The trial court found this decision was reasonable. Yet, tying the gun to Bealer would have provided a stronger defense, and negative results would not have jeopardized what trial counsel cited as a strong defense.

Although counsel testified that he believed that appellant had a strong case, after the motion in limine was granted, he ultimately opted not to portray Bealer as the killer and, instead, presented a number of alibi witnesses who gave testimony that the jury simply did not find credible. Counsel indicated that he also used other witnesses to establish that there was someone else at the crime scene and that a different vehicle from the one appellant was in was seen at the crime scene.

Based on what counsel described as a strong defense case, counsel's position that results showing that the gun was not the murder weapon would cause great damage was not well-founded. Even if the gun did not tie Bealer to the murder, appellant would have had the alibi defense that he later chose to pursue, although unsuccessfully. If the gun did tie Bealer to the murder, then appellant would have had a viable third-party culpability defense as well. Negative results from testing the gun may have eliminated Bealer as a potential alternate suspect, but it would not have destroyed what counsel testified he viewed as a strong case that there was another killer.

The trial court was clearly erroneous in finding that the decision not to test the gun was reasonable. The additional evidence linking Bealer to the murder would have bolstered that defense, and therefore may have changed the outcome of the trial. Appellant satisfied both

prongs of the Strickland test, and we hold that counsel therefore provided ineffective assistance by failing to have the gun tested.  We accordingly reverse and remand for the trial court to enter an order that is consistent with this opinion.

Reversed and remanded.

*Armon Houston*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.