

# SUPREME COURT OF ARKANSAS

No. CR-12-421

| | | |
|---|---|---|
| KEVIN DIXON | APPELLANT | Opinion Delivered February 27, 2014 |
| V. | | PRO SE APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-09-392] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE KIRK D. JOHNSON, JUDGE |
| | | AFFIRMED. |

## PER CURIAM

In 2010, appellant Kevin Dixon was found guilty by a jury in the Miller County Circuit Court of capital felony murder, with aggravated robbery as the underlying felony, and sentenced to life imprisonment without the possibility of parole. This court affirmed. *Dixon v. State*, 2011 Ark. 450, 385 S.W.3d 164. Appellant subsequently filed in the trial court a timely, verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2010), alleging that he was denied effective assistance of counsel at trial. The trial court denied the petition without a hearing,[1] and appellant timely lodged this appeal. Our jurisdiction is pursuant to Rule 37 and Arkansas Supreme Court Rule 1-2(a)(8) (2014).

This court does not reverse a decision granting or denying postconviction relief unless

---

[1]Arkansas Rule of Criminal Procedure 37.3(c) provides that an evidentiary hearing should be held in postconviction proceedings unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Eason v. State*, 2011 Ark. 352 (per curiam); *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824 (per curiam). When the circuit court dismisses a Rule 37.1 petition without an evidentiary hearing, it "shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3(a); *see Eason*, 2011 Ark. 352. In the instant case, the trial court's order denying postconviction relief complies with the requirements of Rule 37.3.

SLIP OPINION

the trial court's findings are clearly erroneous. *Ellis v. State*, 2014 Ark. 24 (per curiam); *Banks v. State*, 2013 Ark. 147. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Hickey v. State*, 2013 Ark. 237, ___ S.W.3d ___ (per curiam).

A review of the petition and the order reveals no error in the trial court's decision to deny relief. When considering an appeal from a trial court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, ___ S.W.3d ___.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the



time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam). Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, ___ S.W.3d ___. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

In his first point on appeal, appellant makes the conclusory claims for the first time on appeal that counsel did not provide effective assistance because he failed to "conduct an adequate or thorough investigation of the facts surrounding the charge against him, including possible defenses," failed to "conduct an independent investigation of events before, during, or

SLIP OPINION

after the alleged murder and arrest," and spent little time preparing for trial. In support of his claims, appellant contends that counsel should have conducted an independent evaluation of ballistic and forensic evidence and interviewed and called as witnesses the individuals named in the police report. Because arguments raised for the first time on appeal could not have been considered by the trial court, they will not be addressed by this court. *Green v. State*, 2013 Ark. 455 (per curiam); *Williams v. State*, 2013 Ark. 375 (per curiam). Issues raised for the first time on appeal are not grounds to reverse a trial court's order. *Green*, 2013 Ark. 455; *Williams*, 2013 Ark. 375. Accordingly, we do not consider any argument raised by appellant for the first time on appeal.

The only contention raised in the first point on appeal that could potentially be construed to have been raised in appellant's Rule 37.1 petition below is the failure-to-investigate argument as it relates to the State's witness, Torin Smith. While appellant does not specifically identify Smith in connection with his failure-to-investigate argument on appeal, he made the claim in his petition that counsel was ineffective for failing to investigate and attack the credibility of Smith based on the allegation that Smith testified on behalf of the State in exchange for a reduction of the charge filed against him. To the extent that this issue has been sufficiently raised for review by this court, the trial court did not clearly err in finding that appellant is not entitled to relief based on any failure of counsel to investigate or attack the credibility of Smith. The record is replete with evidence that counsel attempted to challenge Smith's credibility, and appellant fails to state how any further investigation of Smith would have been fruitful.

At trial, Smith, who was incarcerated with appellant at the Miller County jail where they



shared the same pod, testified that appellant had confessed to him that he had robbed and killed the victim. Smith's testimony included details regarding appellant's commission of the crime that, according to Smith's testimony, appellant related to him while they were both in jail. A detective involved in investigating the murder testified that the information furnished by Smith as to what appellant had stated could only have been known by someone who was involved in the murder of the victim. On direct examination, Smith testified that he had a pending theft charge and that he had not been promised anything in exchange for his testimony. Both on cross-examination and in closing arguments, counsel attempted to discredit Smith's testimony based on an expectation of being rewarded for his testimony. In addition, counsel called a witness to attack Smith's credibility. Thus, we agree with the trial court that the record does not support appellant's claim that counsel failed to challenge Smith's credibility.

Appellant's allegation that counsel was ineffective based on the failure to investigate whether Smith testified for the State in exchange for a reduction of the charge filed against him is also without merit. Counsel has a duty to make a reasonable investigation or to make a reasonable decision that makes particular investigations unnecessary; but, where a petitioner under Rule 37.1 alleges ineffective assistance for failure to perform adequate investigation, he must delineate the actual prejudice that arose from the failure to investigate and demonstrate a reasonable probability that the specific materials that would have been uncovered with further investigation could have changed the trial outcome. *Bryant v. State*, 2013 Ark. 305, __ S.W.3d __ (per curiam). The burden is entirely on the claimant to provide facts that affirmatively support his or her claims of prejudice; neither conclusory statements nor allegations without

SLIP OPINION

factual substantiation are sufficient to overcome the presumption that counsel was effective, and such statements and allegations will not warrant granting postconviction relief. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). Here, appellant's argument is limited to conclusory allegations, and he fails to provide any facts to support his claim or show how further investigation would have been fruitful.

In his second point on appeal, appellant again makes a number of conclusory and disjointed claims for the first time on appeal. As we have stated, arguments raised for the first on appeal could not have been considered by the trial court and will not be addressed by this court. *Green*, 2013 Ark. 455; *Williams*, 2013 Ark. 375. Moreover, an entirely conclusory claim is not a ground for postconviction relief. *Nelson v. State*, 2014 Ark. 28 (per curiam).

To the extent that two of the arguments raised by appellant in his second point on appeal can possibly be construed to have been argued below, the trial court was not clearly erroneous in denying relief. First, appellant summarily states on appeal that counsel failed to challenge the admissibility of statements made by Felicia Robertson to police officers. In his Rule 37.1 petition, appellant argued that counsel failed to challenge the admissibility of oral and written statements that Robertson made to Detective Paul Nall as hearsay. However, at trial, counsel objected to the State's examination of Detective Nall regarding the statements made to him by Robertson on the basis that the testimony was hearsay. The trial court overruled the objection, and the issue was raised on direct appeal. On appeal, we held that we did not need to decide whether Detective Nall's testimony was hearsay because any error in its admission was harmless due to the availability of Robertson for cross-examination. *Dixon*, 2011 Ark. 450, 385 S.W.3d

164. Thus, as found by the trial court, the record does not support the argument of counsel, and the law-of-the-case doctrine bars consideration of the claim.[2] *See Strong v. Hobbs*, 2013 Ark. 376 (per curiam) (explaining that, where the merits of a claim were addressed and adjudicated in a prior appellate decision, that issue is settled and may not be revisited in a subsequent appeal). Next, appellant states on appeal that "counsel did not set any specific ground rules with the Prosecutor for evaluating the worth of any statements" made in the case or initiate discussions with the prosecutor about reducing the capital-murder charge if appellant were to make a statement. In his petition, appellant argued that counsel did not "promptly" negotiate with the prosecutor and convince him not to seek the sentence of life without parole.[3] To the extent that appellant has stated a claim on appeal that was raised below as to any ineffectiveness of counsel

_____

[2]In his second point on appeal, appellant also vaguely contends that counsel failed to challenge the admissibility of the statements of other named witnesses to police officers. The only one of these other claims that could possibly be construed to have been raised below involved Smith and alleged hearsay evidence based on a brief statement in the petition. In the petition, appellant stated that counsel failed to adequately protect his rights pertaining to the admission of witness Smith's "uncorroborated hearsay testimony . . . [when] Smith had every reason to lie to the police to have his charges reduced or dismissed." Appellant does not seem to be attempting to make the same argument on appeal as he did below in his petition with regard to the alleged admission of Smith's statement, as necessary for this court to review the argument. In any event, such a conclusory claim is not a ground for relief. A petitioner seeking postconviction relief on a claim of ineffective assistance that is based on the failure of counsel to make a motion or objection must show that counsel could have made a successful argument in order to demonstrate the prejudice required under the *Strickland* test. *Hogan v. State*, 2013 Ark. 223 (per curiam) (citing *Lowe v. State*, 2012 Ark. 185, __ S.W.3d __ (per curiam)). Failure to make a meritless objection or motion does not constitute ineffective assistance of counsel. *Greene v. State*, 356 Ark. 59, 146 S.W.3d 871 (2004).

[3]The punishment for capital murder is death or life imprisonment without parole. Ark. Code Ann. § 5-10-101 (Supp. 2009). At a pretrial hearing, the prosecuting attorney informed the trial court that the State was waiving the death penalty based on a lack of sufficient evidence to establish the necessary aggravating circumstances.

SLIP OPINION

based on error relating to plea negotiations, the trial court was not clearly erroneous in denying relief on this basis. The decision whether to enter into plea negotiations is a matter of strategy beyond the purview of postconviction relief. *Jones v. State*, 308 Ark. 555, 826 S.W.2d 233 (1992). Furthermore, appellant failed to factually support his claim that there was any attorney error to justify relief in dealing with plea negotiations. As found by the trial court, appellant has not shown how he was prejudiced in the plea negotiations or made any plausible suggestion as to what actions counsel could have taken to convince the prosecuting attorney to reduce the charge of capital murder to a lesser-included offense.

In his third point on appeal, appellant contends that counsel was ineffective for failing to obtain a ruling on his objection to evidence of appellant's drug activity based on Arkansas Rule of Evidence 403 (2010). In order to demonstrate prejudice for a claim that counsel was ineffective for failing to preserve an argument for appeal, a claimant must necessarily show that the argument would have been successful. *Croy v. State*, 2011 Ark. 284, 383 S.W.3d 367 (per curiam). Trial counsel cannot be ineffective for failing to make an objection or argument that is without merit. *Id.* Here, appellant did not demonstrate that counsel could have successfully challenged the admission of the evidence on appeal based on a Rule 403 argument.

At trial, based on Arkansas Rule of Evidence 403 and 404(b) (2010), appellant objected to the testimony of two police detectives and Smith regarding appellant's admission that he sold drugs. The trial court denied the motion on the basis that testimony regarding appellant's drug activity was part of the circumstances of the crime, and it ruled that any testimony regarding appellant's drug activities was limited to the particular time frame surrounding the death of the

SLIP OPINION

victim. On appeal, we affirmed the ruling of the trial court because the testimony was admissible under the res gestae exception to Rule 404(b) to establish the facts and circumstances surrounding the alleged commission of the offense. We further held that, because the Rule 403 argument was not preserved, we would not address that argument. *Dixon*, 2011 Ark. 450, 385 S.W.3d 164.

Rule 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Ark. R. Evid. 403. The balancing mandated by Rule 403 is a matter left to the trial court's sound discretion, and an appellate court will not reverse the trial court's ruling absent a showing of manifest abuse. *Lard v. State*, 2014 Ark. 1, __ S.W.3d __ . Abuse of discretion is a high threshold that does not simply require error in the trial court's decision, but requires that the trial court act improvidently, thoughtlessly, or without due consideration. *Id.* This court has noted that evidence offered by the State is often likely to be prejudicial to the accused, but the evidence should not be excluded unless the accused can show that it lacks probative value in view of the risk of unfair prejudice. *Chunestudy v. State*, 2012 Ark. 222, 408 S.W.3d 55. In affirming the trial court's finding on direct appeal that the testimony was admissible pursuant to Rule 404(b), we reasoned that the testimony regarding drug activity explained the scope and nature of the interactions between appellant and the victim. Based on this reasoning, we conclude that, in fact, even if the argument had been preserved, the evidence was highly probative for purposes of a Rule 403 analysis, and appellant fails to show that he

9

could have prevailed on appeal based on an argument that such probative value was substantially outweighed by any danger of unfair prejudice.

Affirmed.

*Kevin Dixon*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

SLIP OPINION